A. RICHARDSON, BLANCE & FIELDER and COLVILLE & NOYES, for plaintiff in error. IRWIN & BUNN, contra.

---

## FORMBY v. SHACKLEFORD.

Until an execution issuing from a justice's court has been properly "backed," a constable of a county other than that in which the writ was issued has no authority to make any levy or return by virtue thereof. Consequently, an entry of no property to be found, made by such a constable on an execution before it was "backed," will not suffice to keep the judgment on which the execution was founded from becoming dormant. Under §2914 of the code, the entry must be made by an officer authorized to execute and return.                                    *Judgment affirmed.*

August 6, 1894.

Levy and claim. Before Judge HARRIS. Heard superior court. September term, 1893.

A justice court *fi. fa.* issued in Troup county, November 21, 1862, upon a judgment rendered November 15, 1862, in favor of W. T. Formby against G. W. Formby, was, on April 29, 1892, "backed" by a justice of the peace of Heard county, and levied on land in Heard

county. A claim was interposed by Shackleford. He moved to dismiss the levy, on the ground that the *fi. fa.* was dormant because the entries of *nulla bona* were made by constables of Heard county, where defendant then resided, before the *fi. fa.* was "backed" by a justice of the peace of Heard county, and no entries were made by a constable of Troup county from which the *fi. fa.* issued. The court sustained the motion. The following entries appeared on the *fi. fa.*, in addition to the "backing" and the levy: Cost paid by defendant, December 3, 1863. *Nulla bona*, December 17, 1868. Receipt for return of no property, January 5, '69. Entries of *nulla bona*, November 8, 1875, December 1, 1880, and February 24, 1887. It was admitted that the constables who made the entries resided, at the time of making them, in Heard county, where defendant resided.

FRANK S. LOFTIN, for plaintiff.
W. H. DANIEL, *contra.*