NOWELL, administrator, *v.* HAIRE.

An entry made by a proper officer upon an execution issued from a judgment, unless recorded upon the execution docket of the court from which the execution issued, will not, even as between the parties to the judgment, arrest the running of the dormancy statute.

Argued October 6,—Decided October 29, 1902.

Action on judgment. Before Judge Davis. City court of Lexington. September 3, 1902.

*Joel Cloud* and *Samuel H. Sibley,* for plaintiff in error.
*Hamilton McWhorter* and *Hamilton McWhorter Jr.,* contra.

FISH, J. The plaintiff brought suit on a judgment. The defendant demurred to the petition, upon the ground that it showed upon its face that the judgment was not merely dormant but was barred by the statute. The court overruled the demurrer, and the defendant excepted. There is only one question involved in the case, and that is, whether an entry made by a proper officer upon the execution which issued from the judgment, but not recorded on the execution docket, would, as between the parties to the judgment, arrest the running of the dormancy statute and constitute a new point from which to compute the dormancy period. From the plaintiff's petition it appears that the judgment sued upon was rendered, in the superior court, on December 1, 1890, that execution thereon was issued on December 12, 1890, and, upon the same day, was entered on the execution docket of the court and on the sheriff's docket. On November 14, 1894, an entry of nulla bona was made upon the execution by the sheriff. This entry, however, was not recorded on the execution docket of the superior court until more than seven years after the entry thereon of the execution. If this entry upon the fi. fa., without being recorded upon the execution docket, was sufficient to arrest the running of the dormancy statute, then the court below was right in overruling the demurrer to the petition; for in that event the judgment would not have become dormant until seven years after the 14th of November, 1894, and hence the suit upon the judgment, which was instituted on April 5, 1902, was not barred by the statute, which allows such a suit to be instituted within three years after dormancy. On the other hand, if this entry, in and of itself, was not sufficient to ar-

rest the running of the dormancy statute then the court erred in not sustaining the demurrer.

The Civil Code, § 3761, provides: "No judgment shall be enforced after seven years from its rendition, when no execution has been issued upon it and the same placed upon the execution docket, or when execution has been issued and seven years have expired from the time of the record, upon the execution docket of the court from which the same issued, of the last entry upon the execution made by an officer authorized to execute and return the same. Such judgments may be revived by scire facias, or be sued on within three years from the time they become dormant." According to this section, no judgment shall be enforced when execution has been issued upon it and seven years have expired from the time of the record, upon the execution docket of the court from which the execution issued, of the last entry upon the execution made by an officer authorized to execute and return the same. The able counsel for the defendant in error contend that the requirement that the entry upon an execution, by which it is sought to keep the judgment from which it issued from becoming dormant, shall be recorded on the execution docket, applies only when the interests of third parties are involved; that as against the rights of third parties a judgment will become dormant if no entry from the fi. fa. is recorded on the execution docket within a period of seven years; but that, as between the parties to the judgment, a simple entry upon the execution, by a proper officer, without more, will arrest the running of the dormancy statute. There is nothing in the statute upon which to base this distinction. The statute, as we have seen, provides that "no judgment *shall be enforced* . . when execution has been issued and seven years have expired from the time of the record, upon the execution docket . . of the last entry upon the execution made by an officer authorized to execute and return the same." It is, therefore, clear that the failure to record the necessary entry upon the execution docket, within the time prescribed, will prevent the *enforcement* of the judgment. A judgment is enforced against the defendant therein. Enforcing it against him may or may not affect the rights of others. It seems almost superfluous to say that a judgment which can not be enforced has no power to seize and sell the property of the defendant, even in a case where by so doing the rights of third per-

sons will not be affected. The construction contended for by counsel would require us to read into the statute the qualification. that, under the conditions laid down, no judgment shall be enforced when its enforcement will affect the rights of third persons. We have no authority to do this. The statute is free from ambiguity and must be construed according to its plain and unmistakable terms. So construed, it is perfectly clear that the plaintiff's petition showed that the suit upon the judgment in question was barred, as before its institution more than three years had elapsed since the judgment became dormant.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*