## PALMER *et al.* v. INMAN *et al.*

1. Under the decisions in *Nowell* v. *Haire,* 116 *Ga.* 386, and *Smith* v. *Bearden,* 117 *Ga.* 822, an entry made by a proper officer upon an execution issued from a judgment, unless recorded upon the proper execution docket, will not, even as between the parties to the judgment, arrest the running of the dormancy statute.

2. An equitable petition which sought to subject property to the payment of a dormant judgment, without any revival of such judgment, and without suing upon it, was properly dismissed on demurrer.

Submitted June 7,—Decided August 17, 1906.

Equitable petition.    Before Judge Rawlings.    Bulloch superior court.    October 24, 1905.

On November 2, 1893, a judgment was rendered in Bulloch superior court in favor of Cumming, administratrix of Palmer, deceased, against J. E. Hogan, James Hogan, and J. R. Slaton, for the sum of $250 principal, besides interest and attorney's fees.    The execution issued on November 24, 1903.   On it were the following entries:    "Levied this fi. fa. on one iron-gray horse named Mike, about 8 years old, and one bay horse-mule named Rock, about 8

years old. This 9th Feby., 1894. W. H. Waters, Sheriff B. C." "March 3rd. Sale under levy Feby. 9, 1894, suspended until further notice." "March 3rd. Credit this fi. fa. with fifty dollars, paid by J. R. Slaton." "I have this day made a search for property to levy this fi. fa. on, and none could be found. This Jany. 23, 1901. W. H. DeLoach, Deputy Sheriff, B. C. Entered on Docket, Jany. 23, 1901. S. C. Groover, Clerk." There was also what appeared to be a memorandum of the distribution of $50, showing payment of certain costs and expenses, and the fees of attorneys. This was not signed by any officer, or dated or recorded. On April 7, 1901, the execution was transferred and assigned by the plaintiff to Annie Palmer and others. On September 30, 1903, the assignees filed their equitable petition against J. E. Hogan and Willie Lee Inman, seeking to subject certain property which Hogan had transferred to Willie Lee Inman in December 1891, and which it was claimed, for certain reasons set out in the petition, was subject. It was alleged by amendment that all the defendants in fi. fa. were insolvent. On demurrer the petition was dismissed, and the plaintiffs excepted.

*F. T. Lockhart, J. A. Brannen,* and *G. S. Johnston,* for plaintiffs.
*Osborne & Lawrence* and *R. Lee Moore,* for defendants.

LUMPKIN, J. (After stating the facts.)

1. The judgment to which it was sought to subject certain property by means of an equitable petition was dormant. Under the decisions in *Nowell* v. *Haire,* 116 *Ga.* 386, and *Smith* v. *Bearden,* 117 *Ga.* 822, an entry made by a proper officer upon an execution from a judgment rendered, unless recorded on the proper execution docket, will not, even as between the parties to the judgment, arrest the running of the dormancy statute. Personally the writer inclines to the equitable construction placed upon the act, touching the dormancy of judgments, stated by Turner, J., in his dissenting opinion in *Columbus Fertilizer Co.* v. *Hanks,* 119 *Ga.* 955, as will be seen from the dissenting opinion in *Rountree* v. *Jones,* 124 *Ga.* 398. But the two decisions cited above are directly in point on the subject now before us, and one of them, having been concurred in by the entire bench of six Justices, is binding unless reviewed and modified or overruled by the entire bench of six Justices. If the entry of levy in February, 1894, was not sufficient to prevent the judgment from becoming dormant, certainly a mere memorandum unsigned

and unrecorded, to the effect that a sale was suspended until further notice, and the statement "Credit this fi. fa. with fifty dollars, paid by J. R. Slaton," also unsigned and unrecorded, would not have that effect. No entry at all appears to have ever been made on the docket until January 23, 1901, and the judgment was dormant when the entry of nulla bona of that date was made. There was neither proper prayer nor were there proper parties for the purpose of reviving this dormant judgment or obtaining judgment on it by suit, and the petition can not be considered as one having that object in view. Its sole purpose was by equitable proceedings to subject property to this execution. The judgment, in order to subject property either at law or in equity, must be awake. As long as it is dormant it is both legally and equitably asleep. It may be aroused into activity by scire facias, or suit may be brought upon it.

2. It is true that under our practice, where legal and equitable remedies may be had in the same action, a suit on a dormant judgment and an equitable proceeding to subject property to it may be united. *Kruger* v. *Walker,* 111 *Ga.* 383. But here the judgment is left to slumber while equity labors to subject property to it. If the maxim, vigilantibus non dormientibus leges subveniunt, applies to litigants who sleep over their rights, it would seem to apply in principle with even greater force to dormant judgments to which it is sought, by equitable proceedings, to subject property without even awakening them from their lethargy.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*