### 305. DUNLAP HARDWARE CO. *v.* THARP.

1. The proper officer to record on the execution docket of a county court entries on executions issued from that court is the judge of the court. The sheriff has no authority to make such record. Therefore, where the sheriff recorded on the execution docket of the county court from which the execution issued an entry made by him as sheriff on the execution, there was no such compliance with the law as would prevent the dormancy of the judgment upon which the execution was based.
2. When the record on the execution docket of an entry on an execution is made by the proper officer, he should date such record as of the date when made.
3. The entry as it appears on the execution should be recorded on the docket, and a substantial compliance with this requirement is necessary.

Appeal, from Houston superior court—Judge Felton. October 4, 1906.

Argued May 1,—Decided May 24, 1907.
*Hardeman & Jones*, for plaintiff.
*C. E. Brunson, William Brunson*, for defendant.

HILL, C. J. The Dunlap Hardware Company (plaintiff in error) obtained a judgment against Tharp (the defendant in error) in the county court of Houston county, on October 21, 1895. Execution was issued, and duly entered upon the execution docket, October 30, 1895. Nulla bona was entered upon the execution on March 11, 1901. The execution docket of the county court, opposite the entry of the execution, showed the following entry: "Return nulla bona made by sheriff on this fi. fa. March 11, 1901." Levy of this execution was made by the sheriff on property of the defendant January 2, 1906, and the defendant thereupon filed an

affidavit of illegality, on the ground that the judgment was dormant at the date of the levy. The issue thus presented was submitted to the decision of the judge without the intervention of a jury. The execution was introduced in evidence, with entries above noted. The entry of nulla bona on said execution appeared as follows: "Georgia, Houston County. Due search made, and no property of the defendant found upon which to levy the within execution. This the 11th day of March, 1901. [Signed] M. L. Cooper, Sheriff." Opposite the entry upon the execution docket was the following entry: "Return nulla bona made by sheriff on this fi. fa. March 11, 1901." M. L. Cooper, the sheriff, testified that he made the entry of nulla bona on the fi. fa., and also the entry on the execution docket. He did not remember when it was made, but he did not make any entry and date it back. This was the only evidence; and the court sustained the illegality and dismissed the levy.

The only question presented in the case is whether the entry made by the sheriff on the execution docket of the county court was sufficient to prevent the dormancy of the judgment. "An entry made by a proper officer upon an execution issued from a judgment, unless recorded upon the execution docket of the court from which the execution issued, will not, even as between the parties to the judgment, arrest the running of the dormancy statute." *Nowell* v. *Haire*, 116 *Ga.* 386; 41 S. E. 719. See also Civil Code, §§3761, 3762; *Smith* v. *Bearden,* 117 *Ga.* 822, 45 S. E. 59; *Palmer* v. *Inman,* 126 *Ga.* 519, 55 S. E. 229; *Benton* v. *Fish,* 1 *Ga. App.* 656, 57 S. E. 1079. It is contended in this case that the record on the execution docket, relied upon to keep the execution in life, was not sufficient for that purpose, under the law, because made by the sheriff, who was not the proper officer to make it, and it does not appear that he was in any way authorized to make it; because it was not dated; and because it was not a true transcript of the entry on the execution. The proper officer to make entries on executions on the execution docket of the county court is the judge of that court. Civil Code, §4185. The sheriff has no authority to make such record on the docket. No presumption arises as to the regularity of the sheriff's act in making such record, because he has no authority upon the subject whatever. Regularity in the performance even of a ministerial act will not be presumed,

unless the ministerial officer was authorized by law to perform the
act. In other words, the question of regularity in the performance
of an act can not arise where no duty is imposed by law, or au-
thority given by law to do the act. Civil Code, §3763, requires
that the clerk, or proper officer, making the entry on the execution
docket, shall date such record when it is made. In this case the
entry on the execution docket is as follows: "Return nulla bona
made by sheriff on this fi. fa. March 11, 1901." This date clearly
applies to the entry made by the sheriff on the execution, and not
to the date when the entry was recorded by him on the execution
docket. We do not think this sufficient. The date when the rec-
ord is made on the execution docket should be clear and unequivo-
cal, for the time of the record upon the execution docket is the all-
important fact from which to determine the question of dormancy;
the language of the statute being: "No judgment shall be enforced
after seven years from its rendition, when no execution has been
issued upon it and the same placed upon the execution docket, or
when execution has been issued and seven years have expired from
the time of the record, upon the execution docket of the court from
which the same issued, of the last entry upon the execution made
by an officer authorized to execute and return the same." Civil
Code, §3761.

To save the judgment from becoming dormant the statute re-
quires that the entry *on the execution* must be recorded on the
execution docket of the court from which the same issued. A sub-
stantial compliance with this requirement is essential. What was
placed on the execution docket by the sheriff in this case was, not
the entry which was on the execution, but a mere statement, accord-
ing to the sheriff, of what the entry was. The reason for this re-
quirement is that the execution docket must show a proper entry
of the sheriff on the execution. The entry on the docket of the
words, "Return nulla bona made by the sheriff on this fi. fa. March
11, 1901," is shown by reference to the entry on the fi. fa. not to
be a correct transcript. It is true, as contended by the learned
counsel for plaintiff in error, that the Supreme Court in many
cases has given to the dormancy statutes an equitable construction;
but such construction has been limited to those cases where the acts
of the plaintiff in execution to enforce his execution, by reason of
their public character, served to keep the judgment alive. It has

never been held by the Supreme Court that entries on the execution can be effective for this purpose when not recorded in the manner prescribed by the statute. In the case of *Columbus Fertilizer Co.* v. *Hanks,* 119 *Ga.* 955; 47 S. E. 224, the Supreme Court holds that, if the act of 1885 (Civil Code, §§ 3761, 3762) means any-thing, "it is that entries on an execution can not serve to keep the judgment in life unless the entries are properly recorded."

We think it very clear that the judgment of the trial court, for the reasons stated, should be                    *Affirmed.*