## Aldridge v. Cole.

Fish, C. J. 1. On the trial of a claim case it appeared that the judgment, upon which the execution issued,· was rendered against the defendants in a justice's court of Coffee county, May 4, 1896; the execution was issued on May 10, 1896; an entry of "backing" on the execution was made by a justice of the peace of Appling county, July 30, 1896; a judgment was rendered January 20, 1906, establishing a copy of the lost original execution, by the justice of the peace in Coffee county who rendered the original judgment; and an entry on such established copy execution, of a levy on land situated in Appling county, was made by the sheriff of the last-named county, July 11, 1906 (the levy reciting that the defendants were then in possession), to which land the claim was interposed. *Held*, that the court properly dismissed the levy on the ground of the dormancy of the judgment. Civil Code (1910), § 4355.

(a) An entry on the execution as follows: "Entered on general execution docket, this October 25, 1900," signed by the clerk of the superior court of Appling county, did not prevent the dormancy of the judgment, as Civil Code (1910), § 4356, provides that "if execution issues from a court having no execution docket, said record [the record of the execution] shall be made upon the execution docket [not the general execution docket] of the superior court of the county where the defendant resides." *Nowell* v. *Haire*, 116 *Ga.* 386 (42 S. E. 719); *Smith* v. *Bearden*,

117 *Ga.* 822 (45 S. E. 59); *Columbus Fertilizer Co.* v. *Hanks,* 119 *Ga.* 950 (47 S. E. 222); *Rountree* v. *Jones,* 124 *Ga.* 395 (52 S. E. 325); *Palmer* v. *Inman,* 126 *Ga.* 519 (55 S. E. 229).

(b) A levy of the execution made by the sheriff of Appling county on June 2, 1896, prior to the "backing" of the execution by a justice of the peace of that county, entered July 30, 1896, was unauthorized (*Formby* v. *Shackleford,* 94 *Ga.* 670 (21 S. E. 711); *Wilcher* v. *Pool,* 121 *Ga.* 305 (48 S. E. 956)); therefore, neither such levy nor the pendency of claims filed to the property so levied on, by persons other than the claimants in the present case, prevented the dormancy of the judgment.

(c) Nor was the dormancy of the judgment prevented by a levy of the execution made by the sheriff of Appling county on July 31, 1903, and the pendency of a claim, filed to the property so levied upon, by one other than the claimants in the present case, as this levy was not made within seven years either from the issuance of the execution or the "backing" of the same by the justice of the peace of Appling county.

2. It follows that the court did not err in rejecting the evidence tending to show the facts referred to in the subdivisions (a), (b), and (c), of the foregoing headnote.

*Judgment affirmed.   All the Justices concur, Lumpkin, J., specially.*
JULY 14, 1911.

Claim.  Before Judge Conyers.  Appling superior court.  July 14, 1910.

*V. E. Padgett,* for plaintiff.   *A. V. Sellars,* contra.