CLARK *et al.,* administrators, *v.* SHOUSE, administrator, *et al.*

GEORGE, J. Upon a judgment rendered on March 9, 1900, an execution was duly issued on March 10, 1900. The execution was entered upon the execution docket as required by law, on March 16, 1900. On the execution itself and at another page of the execution docket appears the entry of the fi. fa., by the names of the parties, and amounts itemized, followed by the words: "Due search made and no property of the defendant found on which to levy this fi. fa. This March 1, 1907. R. B. Aycock, Sheriff Morgan County." Nothing further appears showing the date of entry of the return of nulla bona upon the execution docket, i. e., the date of the entry is not noted. At another page of the execution docket appears the fi. fa. again, with the names of the parties and

amounts itemized, followed by a return of nulla bona made by a deputy sheriff, and dated "3/11/13," and the date of entry of this return is noted as follows: "Entered March 11, 1913, C. H. Baldwin, Clerk." *Held:*

1. The act of 1910 (Acts 1910, p. 121) expressly applies to "any judgment hereafter rendered in this State." It therefore has no application to a judgment rendered in 1900.

2. To prevent dormancy, the entry of an officer authorized to execute the fi. fa. must be recorded on the execution docket of the court from which the execution issued, within seven years from the rendition of the judgment; and the date when the recording on the docket took place. must appear from the inspection of the docket itself. Civil Code (1910), §§ 4355, 4357; *Oliver* v. *James*, 131 *Ga.* 182 (2), 185 (62 S. E. 73); *Craven* v. *Martin*, 140 *Ga.* 651, 652 (79 S. E. 568); *Dunlap Hardware Co.* v. *Tharp*, 2 *Ga. App.* 63 (2), 65 (58 S. E. 398). The decisions cited are within the rule of stare decisis. Accordingly, the dormancy of the judgment was not prevented by the entry on the execution docket of the return of nulla bona made by the sheriff on March 1, 1907, the date of the recording of such entry not appearing from an inspection of the docket; and the judgment was dead on March 11, 1913, the date of the entry by the clerk of the second return of nulla bona.

3. The execution became dormant on March 16, 1907, and a bona fide attempt to enforce the same, made thereafter, except by scire facias or suit commenced within the time prescribed by statute, was unavailing to revive it.

4. The foregoing rulings are controlling in the case, and result in an affirmance of the judgment of the court below.

> *Judgment affirmed. All the Justices concur.*
> No. 1070.    APRIL 17, 1919.

Equitable petition. Before Judge Park. Morgan superior court. June 6, 1918.

*Allen & Pottle* and *Greene F. Johnson,* for plaintiffs.

*S. H. Sibley, E. W. Butler, E. H. George, Dean & Dean, Hamilton Phinizy,* and *S. F. Garlington,* for defendants.