40152. HOWARD, Administrator v. PATE.

JORDAN, Judge. On June 29, 1962, George W. Howard, Jr., as temporary administrator of the estate of George W. Howard, Sr., filed an intervention in a condemnation proceeding, where the land had been taken and the purchase money paid into court, seeking to subject the funds to the payment of a judgment in favor of the decedent and against the condemnee's grantor on the ground that the conveyance of the condemned lands to the condemnee by the judgment-debtor of the intervenor's decedent had been made for the purpose of hindering, delaying and defrauding said deceased judgment creditor. The intervention alleged that the conveyance was made "shortly after or before said judgment" which was entered prior to the death of the judgment creditor in January, 1957; and it was further alleged that said judgment was "still in force and revivable." The exception is to the judgment of the Superior Court of Crisp County sustaining the condemnee's general demurrers to the petition and dismissing same.

This case was transferred to this court by the Supreme Court. See *Howard v. Pate,* 218 Ga. 741 (130 SE2d 752). *Held:*

Construing the intervenor's petition most strongly against the pleader for purposes of ruling on the demurrers, the legal effect of the allegation that the decedent's judgment against the condemnee's grantor was "revivable" is that said judgment was dormant at the time the intervention was filed but that the same was capable of being revived during the three-year statutory period in an appropriate action. See *Code Ann.* §§ 110-1001, 110-1002. A dormant judgment may not be enforced, however, except by scire facias to revive it or by suit on said judgment within the prescribed time. *Clark v. Shouse,* 149 Ga. 59 (3) (99 SE 31).

Accordingly, the intervention which sought to subject the funds

in the registry of the court to the payment of a dormant judgment, without any revival of said judgment and without suing upon it, was properly dismissed on demurrer. *Palmer v. Inman,* 126 Ga. 519 (2) (55 SE 229).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED JUNE 18, 1963.

*Benjamin Zussman,* for plaintiff in error.
*Wright & Reddick, George P. Wright,* contra.