HILEY, trustee, *vs.* BRIDGES.

60 375,
113 586|

1. An exemption in bankruptcy, made under the constitution of 1868, is subject to a judgment founded on a debt contracted prior to the adoption of such constitution. The proceedings in bankruptcy do not affect the creditor, he not having proved his debt or otherwise submitted his claim to the bankrupt court.
2. Where, by agreement of counsel, the judge passed on a claim case without the intervention of a jury, it was too late to withdraw the claim after he had pronounced the decision.

Bankruptcy. Constitutional law. Claim. Practice in the Superior Court. Before Judge CRISP. Macon Superior Court. December Term, 1877.

This case appears to have been conducted throughout on the understanding that the land claimed had been set apart to claimant under the constitution of 1868 as a homestead, in the course of the bankruptcy proceedings, but such fact does not directly appear in the record. In the agreed statement of facts on which the case was submitted, it is said that he claimed the land " for his wife and minor children," and one assignment of error is, "in holding that the discharge in bankruptcy did not discharge the said Jacob Hiley from said debt, though it was dated before the constitution of 1868."

W. A. HAWKINS, for plaintiff in error.

A. L. MILLER, by brief, for defendant.

WARNER, Chief Justice.

This was a claim case, which, by agreement, was submitted to the decision of the court without the intervention of a jury, upon the following agreed statement of facts: "The land was levied on as the property of Jacob Hiley, defendant, and claimed by Jacob Hiley, as trustee, etc.; the debt was created prior to the constitution of 1868, and judgment had thereon on the 14th of December, 1868. The *fi. fa.* issued thereon was levied upon the land claimed, on the 8th of April, 1873. The claim was interposed by Jacob Hiley as trustee for his wife and children; since said judgment, said Jacob Hiley had been declared a bankrupt, and had received his final discharge, but the plaintiff in *fi. fa.* had not proved his debt in bankruptcy, or done anything to waive his lien, or submit it to the jurisdiction of the bankrupt court." On the foregoing statement of facts, the court decided that the land was subject to the *fi. fa.* levied thereon. The claimant then moved the court to withdraw his claim, which motion the court refused as being too late. Whereupon the claimant excepted.

1. There was no error in deciding that the land was subject to the *fi. fa.* levied thereon. *Bush vs. Lester et al.*, 55 *Ga.*, 579.

2. The court did not err in refusing to allow the claimant to withdraw his claim after the court had announced its judgment in the case. See *Houser vs. Brown, p.* 366.

Let the judgment of the court below be affirmed.