WALKER *vs.* JOHNSON *et al.*                 64   363
                                              113   588

1. The defendant in *fi. fa.*, who claimed the fund as exempted by the ordinary, not having been served with the bill of exceptions, this court will not review the judgment of the superior court on the validity of that exemption.
2. The exemption of the fund being treated as valid, an unrecorded mortgage for purchase money will take in preference to one duly recorded to secure a debt not within any of the exceptions of the constitution rendering the exemption liable—both mortgages having been foreclosed, and the executions in the sheriff's hands.

Practice in the Supreme Court. Mortgage. Homestead. Before Judge LAWSON. Baldwin Superior Court. February Term, 1879.

Walker brought a rule against the sheriff of Baldwin county to cause him to apply to a mortgage *fi. fa.* of movant in his hands, the proceeds of the sale of two mules, the property of Huff, the defendant in *fi. fa.* Huff claimed the fund as having been set apart to him as an exemption. Johnson, the holder of another mortgage *fi. fa.*, also claimed the fund, and was made a party. The case was submitted to the court without a jury upon an agreed statement of facts, as follows:

"That John B. Wall, sheriff, on January 1st, 1874, levied the mortgage *fi. fa.* of Samuel Walker on two mules therein mentioned, and afterwards, to-wit: on the 10th day of January, 1874, levied the mortgage *fi. fa.* of Thomas Johnson, on said mules; and on the same day they were sold, and the

money held up for distribution, under a notice from Thomas Johnson. That the claim of Thomas Johnson was for purchase money of said mules, and was in the form of an unrecorded mortgage, given December 29th, 1872, due November 1st, 1873, and foreclosed January 9th, 1874; and that the claim of Samuel Walker was a mortgage regularly recorded, given June 10th, 1873, due November 1st, 1873, and recorded June 16th, 1873. That at said sale Thomas Johnson bought in said mules, and gave the sheriff, John B. Wall, his bond for the money, but never paid the same into his hands. That after said sale, to-wit: on the 30th day of January, 1874, John H. Huff applied to the ordinary of Baldwin county for homestead and exemption, including in his application 'money arising from the sale of two mules, and now in the hands of the sheriff—two hundred and fifty dollars,' without any prayer for the investment of the same. That the ordinary, on the 23d day of March, approved said homestead and exemption in the following words : 'Approved, this the 23d day of March, 1874, subject to such debts as are provided for by law. Signed, D. B. Sanford, ordinary,' without any order for the investment of said money or any disposition of, or re-investment of, the same. That upon the filing of the application the ordinary gave the sheriff notice in writing, and upon its approval, notified him of that fact in writing."

The court rendered two judgments, one headed "Samuel Walker, plaintiff in *fi. fa. vs.* J. H. Huff, defendant in *fi. fa.*, and John D. Wall, sheriff." In it he ordered costs and counsel fees to be paid on the *fi. fa.*, and the balance to be paid over to the ordinary for the benefit of Huff's family. The other order was headed, "Samuel Walker, plaintiff in *fi. fa.*, and Thomas Johnson, plaintiff in *fi. fa. vs.* J. H. Huff, defendant in *fi. fa.*, and J. B. Wall, sheriff, and J. H. Huff, claimant." In it he ordered the payment of costs and counsel fees on the Walker *fi. fa.*, and the payment of the balance to Johnson.

Walker excepted. Service of the bill of exceptions was

acknowledged by counsel for Johnson and the sheriff; no service upon Huff appears to have been made.

F. C. FURMAN, by brief, for plaintiff in error.

W. W. WILLIAMSON, by brief, for defendants.

JACKSON, Justice.

A certain fund arising from the sale of certain mules was in the sheriff's hands. It was claimed by the defendant in *fi. fa.* as exempt by the judgment of the ordinary, for the use of his family, by the plaintiff in error, on a mortgage to secure goods sold defendant duly recorded, and before any other mortgage was recorded—and by defendant in error, on an unrecorded older mortgage for the purchase money of the mules. The court ruled that the exemption was valid, and that the *fi. fa.* issued on the purchase money mortgage would take the fund after payment of expenses of bringing the same into court. Whereupon plaintiff in error excepted.

1. There is no service upon the defendant in *fi. fa.* who claimed the exemption. If that judgment of the ordinary be assailed, he has a right to be heard, and should be a party to the case, as he was one in the court below; but he is not served with the bill of exceptions, and therefore he is not a party here.

Indeed, the two issues were tried separately, and separate judgments were pronounced—the one in the case of Walker *vs.* Huff, defendant in *fi. fa.*, and Wall, sheriff, and the other in the case of Walker and Johnson *vs.* Huff, defendant, Wall, sheriff, and Huff, claimant.

Therefore this court will not review the judgment of the superior court on the validity of the exemption as made by the ordinary.

2. Treating it then as valid, of course the mortgage for the purchase money will take the fund in preference to a

mortgage not for purchase money or any other thing that, by the constitution, could sell the homestead or exemption. Plaintiff in error could not have sold the mules under his *fi. fa.*, had they been set apart; no more can he claim the money they brought when it is set apart. But defendant in error could have sold the mules, though set apart; therefore he can claim what they sold for, though set apart.

The court below, then, ruled correctly in awarding the fund to the defendant in error, after paying expenses of bringing it into court.

See 54 *Ga.*, 569; Code, §§5135, 2002. Supplement to Code, §690.

Judgment affirmed.