## HART vs. EVANS.

1. Homestead property set apart to the head of a family cannot be sold by any one, whether officer or private person, so long as the family continues to exist as one of the families of this State, save under the conditions prescribed in the constitution.
2. Creditors are never barred by lapse of time whilst the law itself hinders them from proceeding.

November 22, 1887.

Homestead. Levy and sale. Statute of limitations. Before Judge LUMPKIN. Taliaferro superior court. February term, 1887.

Homestead of 300 acres set apart to family, at what date does not appear, but most probably under the constitution of 1868; 200 acres of same afterwards conveyed, in 1881, by the head and his wife to a third person in fee simple, but without any leave or order. In 1887, creditor made affidavit disclosing this conveyance, and that minor beneficiaries had all become of age, as in fact they had. Thereupon the 200 acres conveyed, but still in possession of head and his wife, were levied on as his property under judgment rendered in 1876. Wife interposed a claim through him as agent. Held, not subject—fee nor reversion.

John C. Hart and H. T. & H. G. Lewis, for plaintiff.

W. O. Mitchell, for defendant.

Bleckley, Chief Justice, (after stating the above facts.)

1. The constitution of 1868 declares that each head of a family shall be entitled to a homestead of realty to the value of $2,000 in specie, to be valued at the time it is set apart; and no court or ministerial officer in this State shall ever have jurisdiction or authority to enforce any judgment, decree or execution against it, except for taxes, money borrowed and expended in improvement of the homestead, or for the purchase money of the same, and for labor done thereon or material furnished therefor, or removal of encumbrances thereon; and the General Assembly is charged with the enactment of laws for the full and complete protection and security of the same for the sole use and benefit of the family. In this constitution there is no provision whatever for making sale of the homestead, but the constitution of 1877 provides that parties who have taken a homestead under the constitution of 1868, shall have the right to sell the same by order of the judge of the superior court.

No order having been obtained, it follows that if the

homestead in the present case was secured under the constitution of 1868, the sale of it was a nullity. How would it stand, if secured under the constitution of 1877? That constitution provides that there shall be exempt from levy and sale, by virtue of any process whatever under the laws of this State, of the property of every head of a family, realty or personalty, or both, to the value in the aggregate of $1,600; and that no court or ministerial officer shall ever have jurisdiction or authority to enforce any judgment, execution or decree against the property set apart for such purpose, except for taxes, for the purchase money, for labor done thereon, for material furnished · therefor, or for the removal of encumbrances thereon. Also, that after it is set apart, the debtor shall not alienate or encumber the property so exempted, but it may be sold by him and his wife, if any, jointly, with the sanction of the judge of the superior court of the county where the debtor resides or the land is situated. The sale here was made by the debtor and his wife jointly, but not with the sanction of the judge of the superior court; and therefore if the homestead was secured under the constitution of 1877, the sale was a nullity. It is clear that the family for whose benefit the homestead was taken still existed. Although the minor children had become of age, the wife was still living. And at the time of the levy, she, with her husband, the head of the family, was in possession of the property levied upon.

As to the nature of the homestead right, and title to the homestead property, see *Van Horn vs. McNeill*, last term, (79 *Ga.* 121,) and *Nelson vs. Commercial Bank*, this term (*ante*, p. 328.)

2. It was suggested in argument that, though the sale of the homestead might be ineffectual, the purchaser might take possession, and by holding it a sufficient length of time, the creditor would be barred from levying his execution upon it. There is no danger of this; because so long as the law itself holds off the creditor, he is not in laches

or default, and his failure to levy will not be counted against him until after the homestead interest is at an end. Then, and not till then, will time begin to run as against his right to levy.

Judgment affirmed.