## ANDERSON *vs.* KILGO.

81 699
113 586

81 699
128 531

The dormancy of a judgment which was obtained and on which execution issued in 1876, but upon which execution no entry by the proper officer was made until 1888, was not prevented by the fact that in 1888 it was levied upon property which had been set apart as a homestead for the family of defendant in execution prior to the date of the judgment, which homestead did not expire until December, 1886. *Hart vs. Evans*, 80 *Ga.* 330, cited and distinguished.

December 7, 1888.

Judgments. Dormancy. Homestead. Before Judge WELLBORN. Lumpkin superior court. April term, 1888.

Reported in the decision.

PRICE & CHARTERS, by brief, for plaintiff.

No appearance for defendant.

BLANDFORD, Justice.

Anderson obtained a judgment against the administrator of T. H. Kilgo, March 6th, 1876, and on the same day an execution was issued thereon. No entry by the proper officer was made thereon until March 22d, 1888, more than seven years thereafter. It was then levied upon property which had been set apart as a homestead to the family of Kilgo, prior to the date of the judgment, the homestead not expiring until December 19th, 1886. It was contended by the plaintiff in execution (the plaintiff in error here) that, inasmuch as the execution could not be levied upon the property during the existence of the homestead, the judgment was not dormant. The court below thought otherwise; and we think so too. While it may have been true that the defendant had no property upon which an execution could be levied, yet as no entry was made thereon within seven years, it became dormant. A man might have no property for more than seven years after the rendition of a judgment against him, and might afterwards acquire property, but that would not revive or render effective a judgment which had become dormant. It was contended that the case of *Hart vs. Evans*, decided at the October term, 1887, of this court, (80 *Ga.* 330,) is in point in this case, and is in opposition to the views we now express. But upon an examination of that case, it will be seen that the judgment therein was not dormant, and the question of dormancy of the judgment did not enter into the case. In that case, the exempted property had been sold to a third person, who went into possession of the same, four years before the expiration of the homestead. It was held that this time did not run in favor of the purchaser against one who levied a judgment after the expiration of the homestead, which judgment had been obtained prior to the

purchase and to the expiration of the homestead. The court held that the creditor was not barred where the law prevented him from proceeding. But the judgment in that case, as we have said, was not dormant; so the cases are entirely different. The judgment in the present case being dormant, the levy was of no effect.

Judgment affirmed.