### BLUE & STEWART *v.* COLLINS *et al.*

1. The sureties on a constable's bond are not liable for his failure to levy and sell under an execution, when the judgment on which the execution was founded was dormant when placed in his hands.
2. Receipts of payments entered on an execution by the plaintiff therein are not such entries as will prevent the judgment from becoming dormant.

Submitted November 3, — Decided November 30, 1899.

Action on bond. Before Judge Littlejohn. Schley superior court. April term, 1899.

*Simeon Blue*, for plaintiff.      *C. R. McCrory*, for defendant.

SIMMONS, C. J. It appears from the record, that Blue & Stewart obtained a judgment on the 24th day of May, 1887, against A. J. and I. J. Harrold. Execution was issued on the 19th day of May, 1887. As far as the record discloses, it was not placed in the hands of an officer until sometime in the year 1895, when it was placed in the hands of Barfield, a constable. He failing or refusing to make the money thereon, Blue & Stewart brought suit upon his bond against the sureties, Collins and Lightner, for a breach by the constable of his bond. To this action the sureties filed several demurrers. One of them was, that they were not liable for their principal's

failure to execute the process, when the judgment on which it was founded was dormant when placed in his hands. The judge sustained this demurrer, and plaintiffs excepted.

1.   It is clear from the facts disclosed by the record that the judgment was dormant when the execution was placed in the constable's hands.   More than seven years had elapsed from the rendition of the judgment, to wit, May, 1887, to January, 1895.   It being dormant, the constable had no right or authority to levy the execution issued thereon, and if he failed to do so, the sureties on his bond are not liable for his failure.

2.   But it is alleged that the judgment was not dormant, because the execution had several entries thereon which would serve to keep it alive.   The copy in the record does show that there are several entries thereon, and if made by an officer authorized to execute the execution, the judgment would not have been dormant.   But, in an amendment to the petition, it is alleged that the entries were made by the plaintiffs in the execution, acknowledging the receipt of certain payments made by the defendant thereon.   These entries were not made by an officer authorized to execute the process.   The Civil Code, § 3761, requires these entries to be made "by an officer authorized to execute and return the same," in order to prevent the judgment from becoming dormant.   The entries, not having been made by an officer authorized to execute and return it, but by the plaintiffs themselves, are not such entries as will prevent the dormancy of the judgment.

*Judgment affirmed.   All the Justices concurring.*