## DOZIER *v.* McWHORTER, and *vice versa.*

1. The sale of property set apart as exempt to a bankrupt under the bankrupt act of 1867, by virtue of a judgment against the bankrupt on a debt created after bankruptcy, the sale being had while the bankrupt is still the head of a family, does not divest the lien of a judgment against the bankrupt, rendered prior to bankruptcy, when the holder of such judgment did not prove his debt in the bankrupt court, or participate in any distribution of the estate of the bankrupt.

2. There is no law requiring that entries on an execution issued on a judgment rendered in 1876 shall be entered on the general execution docket before they will have the effect of preventing the judgment from becoming dormant.

3. The four years possession of land which, under Civil Code, § 5355, will divest the lien of a judgment must be during a period of that length of time when the judgment could be lawfully enforced against the land.

Argued May 2, — Decided May 24, 1901.

Levy and claim. Before F. C. Foster, judge pro hac vice. Greene superior court. September 12, 1900.

*Columbus Heard* and *E. T. Williams*, for plaintiff.
*Samuel H. Sibley* and *Hamilton McWhorter*, contra.

COBB, J. An execution in favor of Dozier against Wilson was levied upon a tract of land, and McWhorter interposed a claim. The case was submitted to the decision of the judge upon an agreed statement of facts, from which the following appeared: Dozier obtained judgment against Wilson on November 23, 1876. Execution issued November 7, 1883. The following entries appeared on the execution: ˙ January 8, 1889, entry of levy, followed by these words, " Execution Docket A, page 256." January 4, 1896, the following entry signed by the clerk: " Entered on General Execution Docket No. 1." January 4, 1896, entry of nulla bona, which from entry signed by clerk appears to have been copied " on Docket" the same day. January 8, 1900, levy upon land in dispute. On August 7, 1878, Wilson was adjudged a bankrupt under the then-existing bankrupt law, and discharged from the payment of all debts not excepted by law. The land in dispute was set apart to ˙ him as a homestead under the bankrupt law, but was never set apart as a homestead under the State law. Dozier did not prove his debt in the bankrupt court, and did not participate in any distribution of the bankrupt's estate. On January 23, 1891, Wilson conveyed the land to Moss to secure a debt. Moss sued upon the notes evidencing the debt, which notes contained a general waiver of homestead, and obtained judgment on February 16, 1894. The land was reconveyed to Wilson, and the execution issued on the judgment was levied thereon, which was after due advertisement sold by the sheriff in the manner prescribed by law, and purchased by Moss February 4, 1896. The claimant's title depends upon this sale, he having acquired the land from a vendee of Moss. Wilson is no longer living on the land, has no minor children, and his wife

is dead. The judge rendered a decision finding the property not subject. Dozier excepted; and McWhorter by cross-bill excepts to other rulings of the judge.

1. Property set apart to a bankrupt as exempt under the bankrupt act of 1867 remained subject to the lien of a judgment the holder of which did not prove his debt in bankruptcy, nor participate in any distribution of the bankrupt's estate; but the right to enforce the lien was withheld until such time as, under the State law, property set apart as a homestead could be lawfully levied upon. *Bush* v. *Lester*, 55 *Ga.* 579; *Barrett* v. *Durham*, 80 *Ga.* 336; *Hiley* v. *Bridges*, 60 *Ga.* 375; *Jeffries* v. *Bartlett*, 75 *Ga.* 230, and cases cited. The lien of the judgment was lost upon that interest in the property which corresponded to the homestead estate under the State law; and while the lien still attached to that interest, which corresponded to the reversion under the State law, the right to seize the same by levy was taken away until the interest corresponding to the homestead ceased to exist. See *Dozier* v. *Wilson*, 84 *Ga.* 303, and cases cited. The property set apart as exempt remained the property of the bankrupt and could be alienated by him. *Bush* v. *Lester*, 55 *Ga.* 581; *Farmer* v. *Taylor*, 56 *Ga.* 559; *Felker* y. *Crane*, 70 *Ga.* 485, and cases cited. The question now presented is whether this power of alienation was so broad that the bankrupt, either directly by his own conveyance, or indirectly by the conveyance of the sheriff under a judgment rendered against him on a debt contracted since his bankruptcy, could alienate his property during the time that a judgment lien against him which was not discharged by his bankruptcy is prohibited by law from seizing the property as well as claiming the proceeds of a sale thereof, so as to vest in the alienee a title free from the judgment lien. Such a judgment lien is undoubtedly subject to the rules governing judgment liens generally as to dormancy, and must be kept in life just as other judgment liens, or it will cease to exist as a lien. See *Anderson* v. *Kilgo*, 81 *Ga.* 699. As a general rule, a sheriff's sale under a junior lien will divest other and senior judgment liens. *Brunswick Trust Co.* v. *Bank*, 102 *Ga.* 776, 778, and cases cited. If the senior judgment lien could at the time of the sale have been lawfully levied upon the land, the sale under a junior lien divests the senior lien. If the senior judgment lien could at the time of the sale have lawfully claimed the proceeds of the sale under the junior

lien, a sale under such a lien divests the senior judgment lien. It may be safely laid down as a general rule, that a sale under a junior lien will not ordinarily divest the senior judgment lien, when such lien could not at the date of the sale either be enforced against the property or claim the proceeds of the sale. See *De Vaughn* v. *Byrom*, 110 *Ga.* 904, 906 (6), and cases cited.

As Dozier at the date of the sheriff's sale to Moss could neither lawfully levy his execution on the property, nor claim the proceeds of the sale, the sale did not divest the lien of his judgment, but Moss and those claiming under him took the property subject to the lien of the judgment, but with the right to prevent the enforcement of the same to the extent that Wilson could prevent its enforcement, and no more. The purchaser at the sheriff's sale acquired no more right in the property as against the lien of Dozier's judgment than he could have acquired by a conveyance direct from Wilson. The sheriff in conducting a sale under execution acts as the agent and representative of the defendant in execution, and can sell no greater interest in the property than the defendant in execution could convey. See *Ellis* v. *Smith*, 10 *Ga.* 262 (10); *Ousley* v. *Bailey*, 111 *Ga.* 787 (bottom page), and cases cited. It certainly can not be the law that the bankrupt, by a simple conveyance, can divest the lien of a judgment which the bankrupt act distinctly declares shall not be affected by the discharge in bankruptcy. If this is the law, the provision of the bankrupt act just referred to is meaningless. We do not think that provision of the act is capable of any other construction than that the lien of the judgment adheres to the property set apart to the bankrupt as exempt until the same is satisfied or discharged by law, and that the bankrupt can not by his own act directly or indirectly divest the same. While the case of *Barrett* v. *Durham*, 80 *Ga.* 336, is not in all its facts exactly similar to this case, we think the principle of that case is controlling here, and, as we are entirely satisfied that the ruling there made is correct, we must refuse the request of counsel to have the same brought under review.

It is said that the ruling now made will conflict with the rulings heretofore made in cases where it was held that a sale of a homestead under a junior lien founded upon a debt which is superior to the homestead, or one founded upon an evidence of debt waiving the homestead, will divest the lien of a senior judgment as to the

entire interest in the property, both the homestead estate and the estate in reversion. See *Moore* v. *Frost,* 63 *Ga.* 296; *Walker* v. *Jones,* 64 *Ga.* 363; *Palmer* v. *Simpson,* 69 *Ga.* 792. Even if the cases cited go to the length claimed, there is a clear distinction between them and cases like the present. In the present case the ruling is that the lien of the judgment can not be divested by any act done by the bankrupt, nor by an execution sale under a judgment founded on a debt created after the property is set apart as exempt. In the other cases the ruling is simply that when a homestead is set apart, and there are debts then in existence which are superior to the homestead, as well as debts inferior to the homestead, a sale under an execution founded on a debt to which the homestead is subject passes the whole estate in the property, divested of all pre-existing liens. As against a debt which antedates a homestead, to the payment of which the homestead can be subjected, there is neither homestead nor reversion; it is simply property of a debtor subject to levy and sale to the extent of his interest therein; and it does not, as against a creditor holding such a debt, lie in the mouth of the debtor or his other creditors against whom a homestead may be taken to claim there is any division of interest in the property. When a debt of the character above referred to is paid in full by a sale of the debtor's property, the residue, but only the residue, will be treated as homestead property. See *Pratt* v. *Atkins,* 54 *Ga.* 569.

2. The execution in favor of Dozier was not dormant at the time it was levied upon the property in dispute. There is nothing in the act of 1885 (Acts 1884-5, p. 95), nor in the act of 1889 (Acts 1889, p. 107, Civil Code, § 2779), nor Civil Code, § 3761, requiring that entries on executions issued on a judgment rendered in 1876 must be entered on the general execution docket before they will have the effect to prevent the judgment from becoming dormant.

3. The possession of the property in dispute by Moss and those claiming under him for four years prior to the levy would not divest the lien of the judgment. The four years possession which, under the provisions of Civil Code, § 5355, will divest the lien of a judgment must be during a period in which the judgment could be enforced. See *Hart* v. *Evans,* 80 *Ga.* 330 (2).

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concurring.*