WEVER *et al. v.* PARKER.

The entries made on an execution issued upon a judgment rendered in 1877 need not, under the Civil Code, § 3761, be recorded upon the execution docket in order to prevent the dormancy of such judgment.

(*a*) Civil Code, § 3761, has no application to judgments rendered prior to the act of the General Assembly approved October 15, 1885 (Acts 1884-5, p. 95).

(b) The ruling in the case of *Dozier* v. *McWhorter*, 113 *Ga.* 584 (2), upon a review thereof, is reaffirmed.

(c) Under the allegations of the petition in the present case, the judgment under which the sale therein referred to was made was not dormant, and the sale was valid.

Argued May 20,—Decided November 13, 1908.

Complaint for land. Before Judge Rawlings. Screven superior court. November 19, 1907.

*Osborne & Lawrence* and *E. H. Abrahams,* for plaintiffs.

*E. K. Overstreet* and *Hines & Jordan,* for defendant.

HOLDEN, J. The plaintiffs, as sole heirs at law of L. D. Wever, brought suit to recover a certain tract of land, and to cancel a deed made to the defendant by the sheriff. The petition alleged that the land was sold by the sheriff in 1907, under a judgment rendered in 1877 against said Wever, and that the defendant, who was the purchaser at such sale, obtained no title, because the judgment under which the sale was had was dormant. The court dismissed the petition upon general demurrer, and the plaintiffs excepted.

The court committed no error if the judgment referred to in the petition was not dormant at the time of the sale of the land thereunder. The execution issued November 19, 1877, upon the judgment rendered November 6, 1877, had such entries made upon it, with less than seven years intervening between the making of such entries, as would preserve the judgment in life, unless it was necessary for the entries to be recorded in order to prevent the dormancy of the judgment. The judgment was rendered in 1877, and the sale occurred in 1907. No entry on the execution was recorded until the expiration of more than seven years after the adoption of the Code of 1895. The question involved in this case is whether or not the judgment under which the sale occurred was dormant at the time of the sale. The first section of the act of 1885 (Acts 1884-5, p. 95) provides: "That no judgment hereafter obtained in the courts of this state shall be enforced after the expiration of seven years from the time of its rendition, when no execution has been issued upon it and the same placed upon the execution docket, as now provided by law, or when execution has been issued and seven years have expired from the time of the record upon the execution docket of the

court from which the same issued of the last entry upon the execution made by an officer authorized to execute and return the same." In section 3761 of the Civil Code the following words of the act are omitted: "hereafter obtained in the courts of this State." What is the effect of the omission of these words in this code section? If its effect is to operate on judgments rendered prior to the adoption of the code, what is there in the act to show that it is not to operate on all judgments whether rendered before or after the act of 1885? This section of the code provides that "No judgment shall be enforced after seven years from its rendition, when no execution has been issued upon it and the same placed upon the execution docket." Does this section apply to all judgments, including judgments rendered prior to the adoption of the code, or does it apply only to judgments rendered subsequently thereto? In the case of *Easterlin* v. *New Home Co.*, 115 *Ga.* 305 (41 S. E. 595), it was ruled that in order to prevent dormancy of a judgment under this section it is necessary that an execution be issued on the judgment and placed upon the execution docket within seven years from the rendition of the judgment. On page 308, the court says: "Inasmuch as dormancy of the judgments was not prevented by the mere issuance of the executions, but in addition thereto the executions must have been entered within seven years from the date of the judgments, in order to prevent dormancy, it follows that no entries on the execution made before the entry on the docket, although copied on the execution docket under the terms of the act of 1885, would have prevented dormancy; even with such entries, in the absence of the record of the execution, the judgment would have been dormant at the expiration of seven years from the date of its rendition. The true construction of the law in relation to the dormancy of judgments is, that an execution must be issued and entered on the docket within seven years from the date of the judgment. Without regard to the date of the execution, if it is so entered dormancy is prevented; and no matter at what time during the period of seven years from the date of the judgment the entry is made, the judgment is not dormant if proper entries after the record of the execution follow such entry and each other on the execution and on the docket within periods of seven years." As this section, according to the decision above referred to, provides

in the first part thereof that in order to prevent the dormancy of a judgment it is necessary that an execution issue upon it and be placed on the execution docket within seven years from the rendition of the judgment, it is clear that this part of the section only applies to judgments rendered subsequently to the adoption of the code. Prior to the act of 1885, to prevent the dormancy of a judgment the law required executions to be issued thereon within seven years; but there was no law requiring such executions to be entered on the docket within seven years of the rendition of the judgment in order to prevent the dormancy thereof. If section 3761 applied to judgments rendered prior to the code, including judgments rendered prior to the act of 1885, the effect would be to render dormant judgments rendered prior to the act of 1885 because executions issued thereon were not placed upon the execution docket within seven years from the date of the judgment, when there was no law until the act of 1885 requiring this to be done in order to prevent dormancy. If the section makes dormant a judgment rendered prior to the act of 1885, because something was not done which no law had thitherto required to be done, it would be the same thing as declaring such judgments ipso facto dormant. This the legislature could not do and did not intend to do. The effect of making section 3761 applicable to judgments rendered prior to the act of 1885 would be to make it declare all judgments rendered prior to the act of 1885 dormant when no execution issued thereon was placed on the execution docket within seven years from the rendition of the judgment. According to the ruling in the case cited supra, if section 3761 applies to judgments rendered prior to the passage of the act of 1885, although executions were issued thereon and entries were made and recorded on the execution docket according to the provisions of this section, such judgments would nevertheless be dormant if the execution was not placed on the docket within seven years from the rendition of the judgment. Such could not have been the intention of section 3761, and we are forced to the conclusion that it was intended to apply only to judgments rendered subsequently to the adoption of the code. This construction is in consonance with the act of 1885, which was made applicable only to judgments thereafter rendered. As the code was adopted after this act, judgments rendered after the adoption of the code would neces-

33

sarily be rendered after the passage of the act, and to make section 3761 apply only to judgments rendered after the adoption of the code gives it an effect in harmony with the operation of that act. If a section of the code is doubtful in its meaning, it is proper to look to the act of which it is a codification to aid in construing it. *Smith* v. *Evans, 125 Ga.* 109 (53 S. E. 589). An act of this nature will not be construed to have a retroactive operation, unless by its terms such intention is expressly declared or necessarily implied. We are clear that section 3761 has no application to any judgment rendered prior to the adoption of the code. In the case of *Dozier* v. *McWhorter, 113 Ga.* 584 (39 S. E. 106), the second headnote is as follows: "There is no law requiring that entries on an execution issued on a judgment rendered in 1876 shall be entered on the general execution docket before they will have the effect of preventing the judgment from becoming dormant." There is no law requiring entries on executions issued on any judgment to be entered on the general execution docket, to prevent dormancy of the judgment. The decision in the *Dozier* case, however, was perhaps intended to refer to the execution docket instead of the general execution docket. We have been asked to review and overrule that decision. Upon a review of it, however, we think it sound and decline to overrule it.

The judgment involved in the present case was not dormant, and the sale made thereunder was valid; the purchaser obtained a good title; and the court committed no error in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, J., disqualified.*