11935. NEELY *et al.* v. WARD.

A judgment obtained in 1876 became dormant when for seven years no entry on the execution was made by " an officer authorized to execute and return the same " (Code of 1873, § 2914), although within that period the defendant in execution made payments thereon which he entered on the execution.

DECIDED APRIL 13, 1921.

Appeal; from Burke superior court — Judge Hammond. October 5, 1920.

*Callaway & Howard, E. V. Heath,* for plaintiffs in error.
*William H. Fleming,* contra.

LUKE, J. In 1874 a tract of land in Burke county was set aside as a homestead, upon the application of James M. Ward, for the benefit of himself and his family. In 1876 a judgment was obtained against Ward and an execution was duly issued thereon. Upon his death his widow applied to the court of ordinary for a year's support, and the appraisers set apart the said tract of land as a year's support. Upon the filing of the report of the appraisers a caveat was filed, the caveators claiming to be creditors of the estate of Ward, and alleging that the year's support was excessive in amount. By consent the case was appealed to the superior court, and upon the trial in that court the widow made a prima facie case and the caveators assumed the burden approving their caveat. The caveators offered in evidence the execution issued upon the judgment obtained in 1876, the execution being also dated in 1876, together

with all entries thereon, which were as follows, to wit: Entries " nulla bona " made by the sheriff on March 26, 1882, and on March 12, 1887; entries of payment of different amounts, signed by the defendant in execution, in the years 1893, 1894, 1895, 1896, 1897, and 1898. The next entry appearing upon the fi. fa. is in 1903, and is an entry of " no property," by the sheriff of Burke county. There appears the same kind of entry in February, 1909, and there is an entry by the clerk of the court showing that this entry of the sheriff is of record on the general execution docket. The next entry appearing on the fi. fa. is that of " no property," and is dated January, 1914, and signed by the sheriff; and a like entry appears as of February, 1918. The last two entries referred to appear to be entered also on the general execution docket as of the same dates as the entries of the sheriff. The next entry appearing upon the fi. fa. is dated November 3, 1903, wherein the original plaintiff in execution transfers the fi. fa. to W. A. Wilkins Jr. The next entry upon the fi. fa. is dated May 5, 1918, wherein the fi. fa. is transferred to Robert C. Neely Sr. Upon the tender of this fi. fa. in evidence by the caveators, opposing counsel objected to its admission in evidence, upon the grounds that the fi. fa., its date, and the entries thereon· showed that it was dormant and unenforceable, and that therefore, upon it alone, the caveators were not by law creditors of the defendant in execution, out of whose estate a year's support had been set apart to the widow. The court sustained the objection to the introduction of the fi. fa., and, the caveators offering no further evidence, the court directed a verdict against the caveat. To the direction of the verdict and to the sustaining of the objection to the fi. fa., with the entries thereon, the caveators excepted. The sole question presented is whether or not the entries of payments, signed by the defendant in execution, and the several entries by the sheriff at the times stated, kept alive this execution.

We hold that the judgment was dormant and the execution unenforceable at the time of its tender in evidence, and it was not error to direct a verdict against the ˙ caveat. The statute in force at the time of the issuance of this execution is as follows: " No judgment hereafter obtained in the courts of this State shall be enforced after the expiration of

seven years from the time of its rendition, when no execution has been issued upon it; or when execution has been issued, and seven years have expired from the time of the last entry upon the execution, made by an officer authorized to execute and return the same; such judgments may be revived by scire facias, or be sued on within three years from the time they become dormant." Code of 1873, § 2914. The execution is dated December 22, 1876, the first entry of "no property" is dated March 26, 1882, and the next entry of "no property" dated March 12, 1887. These entries were signed by the sheriff in whose hands the fi. fa. was placed for levy. No entry by a sheriff appears upon this fi. fa. from 1887 to November 10, 1903, when there appears another entry of "no property," which is signed by the sheriff. The other entries upon the fi. fa., prior to 1903 and after 1887, are entries of credits which are signed by the defendant in execution. In 1885 there was some change in the statute in force at the time of the rendition of the judgment and the issuance of the execution that we have here. The statute then provided (Ga. L. 1884-5, p. 95) that "no judgment hereafter obtained in the courts of this State shall be enforced after the expiration of seven years from the time of its rendition, when no execution has been issued upon it, and the same placed upon the execution docket as now provided by law, or when the execution has been issued and seven years have expired from the time of the record, upon the execution docket of the court from which the same issued of the last entry upon the execution by an officer authorized to execute and return the same." In view of this change in the statute, in order to continue a judgment in life, it was not only necessary to have the entries made upon the execution, but to have them recorded in the execution docket of the court from which the execution issued. See *Columbus Fertilizer Co.* v. *Hanks,* 119 *Ga.* 951 (47 S. E. 222). We quote the act of 1885 merely for the purpose of indicating that even under that act, if it were of force as to this execution, the execution would be dormant. It was held in *Dozier* v. *McWhorter,* 113 *Ga.* 584 (2) (39 S. E. 106), that "there is no law requiring that entries on an execution issued on a judgment rendered in 1876 shall be entered on the general execution docket before they will have the

effect of preventing the judgment from becoming dormant." It was necessary that the entries upon the fi. fa. be made *by an officer authorized to execute and return the same.* (Italics ours.) Since there was no entry by an officer authorized to execute and return the same between the dates of March 12, 1887, and November 10, 1903, this judgment became dormant and the execution unenforceable; and indeed, under the statute of force at the time of its issuance, the plaintiff in fi. fa. could not avail himself of the provision of the act which permitted him to sue upon the judgment within three years from its dormancy. The entries upon the fi. fa. by the defendant·in fi. fa. could not have the effect of keeping in life the judgment and prevent its becoming dormant. It was held in *Blue* v. *Collins,* 109 *Ga.* 341 (2) (34 S. E. 598), that receipts for payments, entered on an execution, are not such entries as will prevent the judgment from becoming dormant. This decision is based squarely upon the ground that such entries were not made " by an officer authorized to execute and return the same." For no reason do we find error in the directing of a verdict against the caveators. *Judgment affirmed.    Broyles, C. J., and Bloodworth, J., concur.*