## 13607.  ENGLISH *v.* WILLIAMS.

Under the provisions of the act of 1910 (Ga. L. 1910, 121, Park's Code, § 4357(a)), if, within seven years from the rendition of a judgment, an execution is issued thereon and entered upon the general execution docket, the judgment will not become dormant until the lapse of seven years from the date of such entry. Accordingly, a judgment dated May 10, 1911, followed by execution on June 10, 1911, and by the entry of the execution upon the general execution docket on September 24, 1917, was not dormant at the time of a levy made by virtue of the execution on June 14, 1921. It follows that an affidavit of illegality interposed to such levy, upon the ground that the judgment was dormant, was *improperly sustained by the magistrate, and the action* of the superior court judge reversing the judgment of the magistrate, on certiorari brought by the plaintiff in fi. fa., should be affirmed.

DECIDED FEBRUARY 8, 1923.

Certiorari; from Warren superior court — Judge Shurley. April 6, 1922.

*L. D. McGregor,* for plaintiff in error.  *R. W. Ware,* contra.

BELL, J. We think that the conclusions announced above are supported by the decision of the Supreme Court in *Easterlin* v. *New Home Sewing Machine Co., 115 Ga.* 305 (41 S. E. 595), in which it was held that an entry of the execution upon the docket, "having been made within seven years from the date of the judgments, the statute (relating to dormancy) was complied with, and a new point in the life of the judgments was established by such entry, from which to compute the period within which the judgments would thereafter become dormant." White the statute up-

on which that decision was based was an act of 1885, and while the case now under consideration must be determined under the provisions of the act of 1910, we are of the opinion that the reasoning in the *Easterlin* case will apply equally to the last-mentioned act. The two acts, in respect to the particular point here involved, are practically identical. The former act (Code of 1895, § 3761, Code of 1910, § 4355) reads as follows: "No judgment shall be enforced after seven years from its rendition, when no execution has been issued upon it and the same placed upon the execution docket, or when execution has been issued and seven years have expired from the time of the record, upon the execution docket of the court from which the same issued, of the last entry upon the execution made by an officer authorized to execute and return the same. Such judgments may be revived by scire facias, or be sued or within three years from the time they became dormant." By the act of 1910 (Ga. L. 1910, p. 121, Park's Code, § 4357 (a) ) it is provided that "Any judgment hereafter rendered in this State shall become dormant and shall not be enforced, if seven years elapse before execution is issued thereon and entered on the general execution docket of the county wherein such judgment is rendered. Such judgment shall likewise become dormant, if seven years shall elapse at any time after execution is issued thereon without an entry on the execution docket by an officer authorized to execute and return the same, and such entry recorded on said docket with the date of such record entered by the clerk. It shall not hereafter be necessary, in order to prevent such dormancy, that such entry be recorded or such execution entered on any other docket. Such judgment may be revived by scire facias or sued on within three years from the time it becomes dormant." It is from the first clause of each of these acts that we are to determine the effect of the record of the fi. fa. upon the execution docket, and we are unable to perceive any substantial difference between the two in this respect. See also *Clark* v. *Shouse,* 149 *Ga.* 59 (3) (99 S. E. 31).

In this case the judgment was rendered March 9, and execution issued on March 10, and was recorded on the execution docket on March 16, 1900. It will be observed that the court held that the judgment did not become dormant until March 16, 1907, a period of seven years from the entry of the execution upon the docket. If the statute had run from the time of the judgment, it would

have become dormant on March 9, 1900. While this case was decided after the passage of the act of 1910 (Civil Code, § 4357 (a) ), the facts occurred prior thereto and were dealt with under the act of 1885. It would seem from the foregoing that the rule of the *Easterlin* case was therein followed, but without an express declaration to that effect.

We conclude that if an execution is issued and entered upon the general execution docket within seven years from the rendition of the judgment, such entry establishes a new point from which the statute must be computed, and that the judgment, under the act of 1910, does not become dormant until the lapse of seven years from the date of such entry.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*