CARNES *v.* AMERICAN AGRICULTURAL CHEMICAL CO.

"The four years possession of land which," under the Civil Code (1910), § 5950, "will divest the lien of a judgment must be during a period of that length of time when the judgment could be lawfully enforced against the land." Under the facts of this case the court did not err in directing a verdict finding the property subject to the fi. fa.

No. 4034.    APRIL 24, 1924.

Claim. Before Judge Eve. Worth superior court. October 11, 1923.

*Richard P. Bentley, Edwin A. Rogers,* and *Perry & Tipton,* for plaintiff in error.

*Claude Payton* and *Pope & Bennet,* contra.

GILBERT, J. American Agricultural Chemical Company obtained a common-law judgment against W. J. Branch. Execution was duly issued and entered on the general execution docket, March 6, 1916. J. W. Carnes bought from the defendant in fi. fa. described land in the year 1917, and received a deed dated December 19, 1919, which was recorded March 16, 1920, paying most of the purchase-money, entering into possession, and making valuable improvements thereon. The land was embraced in a deed to secure a debt, dated January 11, 1916, which was duly recorded on January 21, 1916. This deed was subsequently retired and canceled of record on April 26, 1920, and a new security deed was made by Carnes conveying the land. After the cancellation of the first security deed the plaintiff in fi. fa., on January 23, 1923, caused its execution to be levied on the land that had been sold

to Carnes. Carnes filed a statutory claim, February 21, 1923. On the trial of the claim case the judge directed a verdict for the plaintiff. The claimant made a motion for a new trial on the general grounds, and upon one special ground. The amended motion, for stated reasons, complained (*a*) that a verdict for the claimant was demanded; and (*b*) if a verdict for claimant was not demanded, the evidence presented an issue of fact that should have been submitted to the jury. The judge overruled the motion for a new trial, and the claimant excepted.

It is declared in the Civil Code (1910), § 5950: "When any person has bona fide, and for a valuable consideration, purchased real or personal property, and has been in the possession of such real property for four years, or of such personal property two years, the same shall be discharged from the lien of any judgment against the person from whom he purchased." Section 6038 provides: "Where any person other than the vendor, or other than the holder or assignee of the purchase-money or secured debt, shall have any judgment against a defendant in fi. fa., who does not hold legal title to property but has an interest or equity therein, such plaintiff in fi. fa. may take up the debt necessary to be paid by the defendant, in order to give such defendant legal title to the property, by paying such debt with interest to date, if due, and interest to maturity if not due; and thereupon a conveyance to the defendant in fi. fa., or, if he be dead, to his executor or administrator, shall be made by the vendor or holder of title given to secure the debt, or, if dead, by the executor or administrator thereof; and when such conveyance has been filed and recorded, the said property may be levied on and sold as property of the defendant. The proceeds shall be applied, first, to the payment of liens superior to the claims taken up by the plaintiff in fi. fa.; next, to the payment of principal advanced by said plaintiff in fi. fa. to put title in defendant, with interest to date of sale; and the balance to the execution under which said property is sold, and to other liens according to priority, to be determined as in other cases of money rules." Plaintiff in error contends that, under application of the provisions of § 6038, the plaintiff in fi. fa. was not excused from failure to proceed with the enforcement of its fi. fa. so as to avoid the result that might follow from application of § 5950. It has several times been decided by this court that the existence of a

homestead on land would be sufficient to relieve a plaintiff in fi. fa. from the operation of § 5950. The reasoning of these decisions is, of course, based upon the fact that under the constitution and laws of this State levies upon homestead property are expressly forbidden.

The question, therefore, is whether a plaintiff in fi. fa. is relieved of the operation of the last-cited section, when the legal title to land is not in the defendant in fi. fa. nor his vendee, but has previously been conveyed by security deed for the purpose of obtaining a loan. The law does not permit a levy under these circumstances; that is, where the legal title is not in the defendant in fi. fa. Is it incumbent on the plaintiff in fi. fa. to avail himself of the provisions of the Civil Code (1910), § 6038? This section affords an opportunity for one holding a lien to pay off a prior lien, or to restore the legal title to the defendant in fi. fa.; but is it obligatory upon a plaintiff in fi. fa. to avail himself of this privilege under the law, or, failing to do so, to suffer his lien to become unenforceable against the land after four years occupancy and possession by a bona fide purchaser. We do not think that it is obligatory upon the plaintiff in fi. fa. to take up the debt necessary to be paid by the defendant, and thus to give the defendant legal title to the property for the purpose of making a levy. The debt secured by the loan deed may be equal to or in excess of the market value of the land. It may approximate the market value to such an extent as to render it uncertain whether the land would bring the amount due, and thus uncertain as to whether the plaintiff in fi. fa. would realize anything on his judgment or whether, in fact, he might suffer a loss. It would seem that while § 6038 would afford a privilege to the plaintiff in fi. fa., he also would have the right to await the maturity of the loan so that the debtor might pay off his loan. Section 5950 applies whenever there is no obstacle to prevent a levy. The four years possession of land which, under Civil Code (1910), § 5950, will divest the lien of a judgment must be during a period of that length of time when the judgment could be lawfully enforced against the land. *Dozier* v. *McWhorter,* 113 *Ga.* 584 (3) (39 S. E. 106). He is not required to speculate or to take the chances on results by first taking up a prior lien or purchasing an out-

standing title. The court did not err, therefore, in directing a verdict finding the property subject.

*Judgment affirmed. All the Justices concur.*