DARBY *v.* DeLOACH, commissioner, *et al.*

No. 13322. JUNE 13, 1940.

*Jackson & Darby,* for plaintiff.

*Henry H. Durrence* and *R. M. Girardeau,* for defendants.

GRICE, Justice. Error is assigned on a refusal to grant an interlocutory injunction to prevent defendants from proceeding to collect certain executions issued by the tax-collector of Evans County for state and county taxes. The execution for the year 1930 was issued on December 20, 1930, and entered on the general execution docket in the office of the clerk of the superior court on December 17, 1937; the execution for the year 1931 was issued on December 20, 1931, and a like entry made on December 18, 1938; the one for the year 1932 was issued on December 20, 1932, and entered on December 19, 1939. It is insisted by counsel for plaintiff that these executions, although duly issued and entered on the general execution docket before the expiration of the seven-year period from the date of their respective issue, are dormant and unenforceable, because (a) seven years have elapsed since their issue, and (b) no entry on these executions by any officer authorized to execute and return the same was entered on the execution docket. Whether or not the contention should be sustained depends upon

what application is made of the law as embodied in the Code, §§ 92-7701, 92-7702, 110-1001. The first of these sections standing alone would seem to indicate that the executions are dormant, for it reads as follows: "All state, county, city, or other tax executions, before or after legal transfer and record, shall be enforced within seven years from the date of their issue; or within seven years from the time of the last entry upon the tax execution by the officer authorized to execute and return the same, if said entry is properly entered by said officer upon the execution docket and books in which said entries are required to be made in cases of entries on executions issued on judgments." The next section, however, is in the following language: "All laws in reference to a period of limitation as to ordinary executions for any purpose, or to the length of time or circumstances under which they lose their lien in whole or in part, are applicable to tax executions." And when reference is had to "all laws" above referred to, to wit, the section which deals with the lien in reference to the period of limitation as to ordinary executions, and to the length of time and circumstances under which they lose their lien, to wit, § 110-1001, it is to be observed that the mere entry of the execution itself on the general execution docket within seven years of the date of the rendition of the judgment will be sufficient to prevent dormancy, regardless of any entry by an officer on the execution. *Easterling* v. *New Home Sewing Machine Co.,* 115 *Ga.* 305 (41 S. E. 595); *English* v. *Williams,* 29 *Ga. App.* 467 (116 S. E. 40). In support of the view that section 110-1001 should not be applied to tax executions, it is argued that since there is no law requiring them to be recorded on the general execution docket in order for them to be enforceable even as against innocent purchasers, unless there has been a transfer of the same to a third party, it should not be held that simply entering the execution thereon will prevent dormancy. The argument is not convincing, because section 92-7702 expressly makes applicable to tax executions the law as to judgments with respect to the length of time and circumstances under which they lose their lien, and section 110-1001, which deals with the dormancy of judgments, treats of the effect of the absence of entry on the general execution docket of an execution issued upon a judgment. Sections 92-7701 and 92-7702 are taken from the act of 1887 (Ga. L. 1887, p. 23). As heretofore indicated in the act,

what has been codified as section 92-7702, to wit, the section which places tax executions on the same basis as ordinary executions, so far as relates to the length of time or the circumstances under which they lose their lien, is subsequent to the section which standing alone would seem to bear out the contention of the plaintiff. If sections 92-7701 and 92-7702, taken together, are ambiguous, we look to the original act. *Grier* v. *State,* 103 *Ga.* 428 (30 S. E. 255); *Wever* v. *Parker,* 131 *Ga.* 510, 514 (62 S. E. 813). When this is done, and we find two conflicting sections, the general rule is that the latter governs, as from its position it is presumed to be the last expression of the legislative will. *Lamar* v. *Allen,* 108 *Ga.* 158, 164 (33 S. E. 958).

We believe with the trial judge the sounder view to be that, construing together the three sections of the Code, it was the intention of the General Assembly to provide in effect that the mere entry of the tax execution itself on the general execution docket within the seven-year period would prevent dormancy; and we so hold.

*Judgment affirmed. All the Justices concur.*