Blivins *vs.* Johnson.

---

JONATHAN BLIVINS, sheriff, plaintiff in error, *vs.* O. C. JOHNSON, defendant in error.

1. When property is levied on to satisfy a '*fi. fa.*, and, before the sale, the defendant applies to the Ordinary, under the Act of 1868, for a homestead in the property levied on, the property is subject to the homestead, and if it is sold, with notice of the application, the purchaser buys it with that incumbrance upon it.

2. Where a sheriff had levied upon land, and before the sale the defendant notified him that subsequently to the levy, he had applied to the Ordinary for a homestead in the same, and the sheriff was satisfied that the application was made in good faith, and, after seeking legal advice, he postponed the sale, and it appeared that subsequently, in pursuance of the application, all the land was set apart, as a homestead for the family of the defendant, under the statute : *Held*, that whilst it was the duty of the sheriff to have sold the land, subject to the homestead, yet, as the proper course for him to pursue, was, under the Act of 1868, very doubtful, no construction of the new policy of the State, on the subject of homesteads, having then been made, and it having been affirmatively made known to the Court, that the sheriff had acted in good faith, it was error in the Court to hold him liable for the plaintiff's debt, in a rule against him for contempt, in not obeying the process of the Court.

Homestead. Rule against Sheriff. Decided by Judge PARROTT. Dade Superior Court. November Term, 1869.

Upon a rule by Johnson against Blivins, as sheriff, the following facts were presented to the Court: On the 1st of October, 1867, one Acuff mortgaged to Johnson certain land in said county, to secure $514 00 due by him to Johnson;

this mortgage was foreclosed at May Term, 1869, of said Court; *fi. fa.* issued and was levied on said land, in May, 1869; the sheriff had advertised the property for sale, was, on the 1st Tuesday in July, 1869, crying it off, and after some one had bid $680 00 for it, Acuff produced a certificate from the Ordinary of said county, that he, Acuff, had regularly made application to have said land laid off and set apart as his homestead; thereupon the sheriff, advised by a lawyer, and believing it was his duty so to do, stopped the sale; subsequently the land was laid off, and set apart as Acuff's homestead.

Upon this state of facts the Court was asked for a rule absolute against said sheriff, requiring him to pay Johnson the amount of his mortgage *fi. fa.*, and granted it. This action of the Court is assigned as error.

J. A. W. JOHNSON, plaintiff in error.

E. D. GRAHAM, D. A. WALKER, for defendant.

McCAY, J.

1. It is true, that the Homestead Act of 1868 does not in express terms provide for its exemption, until it is laid off, but it would, as we think, be a very unfair construction of that Act, so to limit its meaning as that it should not cover a case like the present, when the application was made before the sale, and the sheriff was notified of the fact. In making the application, the husband, in effect acts as the agent of his family. The filing of the application is the commencement of proceedings to have set apart, for the benefit of his family, a certain portion of the debtor's property. It would be but a slender protection to the family, if this must always be done before the levy. Generally that is the first notice the family receives of the necessity of the provision, and it would be very easy for the creditor to delay the proceedings, if not commenced before the levy, until after the sale. We think the spirit of this statute covers the case at bar. If the application is made before the sale, though after the levy, and

Blivins *vs.* Johnson.

notice is given, the land is sold subject to the homestead. We have held at this Term, in the case of *Kilgore vs. Beck,* that section 2018 of the Code of still of force.   The Act of 1868 does not, in express terms, repeal it, and, as it refers to a situation of things not expressly provided for in that Act, we hold it unrepealed.   Under this section if the application be filed, but the homestead be not, for any cause, yet laid off, the land is sold subject to it, if notice be given.

2. In this case it appears that the sale had commenced, several bids had been made, and, when the notice was given, the sheriff postponed the sale.   It further appears, that subsequently the whole of the land was set apart, for the benefit of the family of the debtor.   It also appears affirmatively, that the sheriff acted in good faith, that he sought legal advice, and acted in the matter honestly.   Whilst, as we have said, the land ought to have been sold, subject to the homestead, yet, under all the circumstances, we do not think the Court ought to have held the sheriff liable for the debt.   The homestead provision of the Constitution of 1868, and of the Act of the Legislature of that year, was a new law.   It makes the sheriff a trespasser if he levies upon the property it exempts.   Its construction, as one of the series of legislative attempts to adjust some of the complications growing out of the war, was at that time, extremely uncertain, and we think it too harsh a proceeding to hold the sheriff liable, under the circumstances.   Nobody has been injured.   The Ordinary has determined that the family of the debtor was entitled to all of the land, and there was the clearest proof that the sheriff acted in good faith.   We would not lessen the responsibilities of the sheriff.   It is his duty to go on, according to law.   But here his duty was, to say the most of it, doubtful, and, considering the peculiar character of the law, and the circumstances of its adoption, we think the sheriff was not in contempt.

Judgment reversed.