## MOORE *vs.* FROST *et al.*

A judgment debtor, with the consent of his wife, conveyed land to another creditor as a security for his debt, taking a bond for reconveyance on payment thereof; subsequently his wife had the land set apart as a homestead. The holder of the security recovered judgment, filed a deed, and had the land levied on and sold:

*Held,* that the homestead was good as against the senior judgment, but not as against the junior; and in a contest over the fund arising from the sale, the latter would have precedence.

Judgments. Executions. Homestead. Before Judge BUCHANAN. Troup Superior Court. May Term, 1879.

Reported in the decision.

B. H. BIGHAM; T. H. WHITAKER, for plaintiff in error.

FERRELL & LONGLEY, by brief, for defendants.

WARNER, Chief Justice.

This was a rule against the sheriff of Troup county for the distribution of money in his hands arising from the sale of a tract of land therein described. The court ordered the money in the sheriff's hands to be paid over to Frost and credited on his *fi. fa.;* whereupon Moore, the other claimant of the money, excepted.

It appears from the evidence in the record, that Moore was the assignee of a judgment obtained against the defendant, Allen, on the 11th day of December, 1873, for the sum of $767.68 principal, besides interest; that on the 10th day of December, 1873, Allen, with the consent of his wife, deeded the land sold, to Frost, to secure the payment of a debt which he owed him amounting to the sum of $710.00, the said Frost executing a bond to Allen and wife conditioned to reconvey said land on the payment of the aforesaid debt when it became due. It further appears that after said debt became due, Frost obtained a judgment

thereon on the 2d day of June, 1876, and executed a deed to Allen and wife, and filed the same in the clerk's office of the superior court, and had it recorded as required by law ; that on the 30th of June, 1876, Frost had his *fi. fa.*, issued upon his said judgment, levied and the land sold by the sheriff, the proceeds of which sale is the money in dispute. It further appears that on the 22d of December, 1875, the wife of Allen applied for a homestead in the land, and that on the 10th day of January, 1876, it was set apart to her and her children. Upon this statement of facts, the main controlling question is whether Frost's *fi. fa.* is entitled to be paid in preference to Moore's *fi. fa.* The execution of the deed to the land by Allen and wife to Frost on the 16th day of December, 1873, operated as a waiver of the homestead so far as Frost's debt was concerned, and whose *fi. fa.* brought the money into court. The homestead was good as against Moore's judgment and *fi. fa.* ; it could not have been levied on the land, and consequently could not claim the money arising from the sale thereof.

Let the judgment of the court below be affirmed.