## SMALLEY *v.* LAUGENOUR.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 97. Submitted November 28, 1904.—Decided January 3, 1905.

The rights of a bankrupt to exempt property are those given by the statutes of the States, and if such exempt property is not subject to levy and sale under those statutes, it cannot be made to respond under the Federal bankrupt act.

A creditor may contest the bankrupt's claim to exemption in the bankruptcy court, or may invoke the supervision and revision of the Circuit Court of Appeals, but, failing to do that, cannot, unless the order setting the bankrupt's exemption apart be absolutely void, question its validity in another proceeding in the state court.

Nor can the judgment of the state court following the order of the bankruptcy court and giving effect to the exemption be reviewed by this court on writ of error under § 709, Rev. Stat., on tne ground that plaintiff in error was denied a title, right, privilege or immunity, under the Constitution or authority of the United States specially set up or claimed in the state court.

THIS was an action of ejectment commenced in the Superior Court of Lincoln County, Washington, by A. F. Smalley and F. McLellan against George F. Laugenour and Jane Laugenour (with two others, who subsequently ceased to be parties) to recover possession of certain real estate situated in that county.

The action was tried by the court without a jury, which filed findings of fact and conclusions of law, and rendered judgment for plaintiffs, whereupon defendants Laugenour carried the case by appeal to the Supreme Court of Washington. The judgment was there reversed and the cause remanded with directions to enter judgment for appellants, defendants below. 30 Washington, 307. This writ of error was then brought.

The facts were stated by that court in brief as follows:

"The appellants are husband and wife, and acquired the land in controversy as early as the year 1885. On March 16, 1895, the respondents and one L. J. Hutchings, as partners, recovered a judgment in the Superior Court of Lincoln County on a community debt against the appellant, Geo. F. Laugenour, for the sum of $363.45. On April 12, 1899, execution was issued on the judgment and levied on the land mentioned, under which, after due advertisement, it was sold at public auction to the respondents for the sum of $532.15, being the amount then due on the judgment. Thereafter the sale was confirmed by the court, and, after the time for redemption had expired, a sheriff's deed was executed and delivered to the purchasers, which they caused to be recorded. On May 10, 1899,—three days before the execution sale took place,—the appellant, Geo. F. Laugenour, filed in the United States District Court for the District of Washington his voluntary petition in bankruptcy, in the schedule to which he listed the land in controversy, claiming the same as exempt under the bankruptcy act. On May 11, 1899, the referee in bankruptcy, to whom the proceedings had been referred, adjudged the petitioner a bankrupt, and thereupon gave to the creditors of the bankrupt, shown in the schedule attached to the petition, among whom were the respondents, the formal notice required by the bankruptcy act, notifying them of the adjudication of bankruptcy, of the time and place fixed for the first meeting of the creditors, that they might attend at such meeting, prove their claims, examine the bankrupt, and transact such other business as should properly come before the

meeting. None of the creditors appeared at the time fixed for the meeting, viz., June 5, 1899, and no trustee was elected or appointed; the referee finding that no necessity existed therefor. On August 9, 1899, the bankruptcy court entered an order discharging the bankrupt from all debts and claims made provable against the bankrupt's estate; and on August 12 'regularly made an order in said bankruptcy proceedings setting aside to said bankrupt as exempt under the act of Congress relating to bankruptcy, the real estate hereinbefore described, and awarding said real estate to the said bankrupt.' The court further found that since the execution sale the appellants had been in possession of the real estate, claiming to be the owners of the same; and for several years last past had resided in Spokane County, Washington, and that the real property, during the time, had been occupied by the defendant, Harry Gilliland, as their tenant. On the facts so found it ruled that the respondents were the owners and entitled to the possession of the premises, and entered judgment accordingly."

*Mr. C. S. Voorhees, Mr. Reese H. Voorhees, Mr. H. A. P. Myers* and *Mr. W. T. Warren* for plaintiffs in error.

*Mr. W. C. Keegin, Mr. Herman D. Williams* and *Mr. James A. Williams* for defendants in error.

Mr. Chief Justice Fuller, after making the foregoing statement, delivered the opinion of the court.

The state Supreme Court, after calling attention to the statute of the State permitting a head of a family to select from his or her real property a homestead of limited value, and exempting it from the liens of general judgments and from execution or forced sale thereunder, Ballinger's Code, § 5214 *ct seq.*, and to previous rulings of the court that the selection might be made at any time before sale, *Wiss* v. *Stewart*, 16 Washington, 376, and that an execution sale thereof after such selection was ineffectual to pass title to the purchaser, *Wiss* v.

*Stewart; Asher* v. *Sekofsky,* 10 Washington, 379, said: "If, therefore, the property in question was exempt from execution at the time the sale was made under the execution issued on the respondents' judgment, the respondents acquired no title thereto by their purchase at the execution sale, and consequently have no title on which they can maintain the present action."

And the court held that the order of the District Judge of the United States for the District of Washington, sitting in bankruptcy, awarding the property to Laugenour as property exempt from the claims of his creditors, and which related back to the time of the filing of the petition in bankruptcy, which was prior to the date of the attempted sale, was a judgment conclusive as between the parties that the property was so exempt at that date.

The state court was of opinion that Laugenour and his wife might have pleaded and proved facts showing that the property was exempt from execution at the time of the sale, making the issue directly in the state court, but, as they chose to rely on the principle of *res judicata,* that is, on the adjudication by the bankruptcy court, having jurisdiction of person and estate, in a proceeding in bankruptcy in which the judgment of Smalley and McLellan was provable, the court gave due force and effect to that adjudication.

The jurisdiction of this court to review the final judgments and decrees of a state court rests on section 709 of the Revised Statutes, and in this instance must be derived from the third division of that section, if it exist at all. And on the face of this record we cannot find that plaintiffs in error specially set up or claimed any title, right, privilege or immunity under the Constitution, or any statute of or authority exercised under the United States, which was decided against by the state court. What seems to be complained of is that the state Supreme Court accepted the judgment of the Federal bankruptcy court as having been rendered in the exercise of the jurisdiction with which it was vested.

Plaintiffs in error were notified of the proceedings in bankruptcy, as provided by the bankruptcy act, and, if they had desired to contest the claim to exemption, they might have done so, or could have invoked the supervision and revision of the order by the Circuit Court of Appeals, but they did not do that, and could not question its validity in the state courts, unless, indeed, it were absolutely void, which is not and could not be pretended.

The bankruptcy court is expressly vested with jurisdiction "to determine all claims of bankrupts to their exemptions." § 2, cl. 11. Where there is a trustee he sets apart the exemptions, and reports thereon to the court, § 47, cl. 11; where no trustee has been appointed, under general order XV, the court acts in the first instance.

Section 6 of the bankruptcy act provided: "This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the State wherein they had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

The rights of a bankrupt to property as exempt are those given him by the state statutes, and if such exempt property is not subject to levy and sale under those statutes, then it cannot be made to respond under the act of Congress.

In one of the parargaphs of the reply of plaintiffs in error (plaintiffs in the court of original jurisdiction) to the answer of defendants it was asserted that on the day their judgment was recovered Laugenour and his wife were the owners of the real estate in question, and the judgment became a lien thereon, and that "said lien, which culminated in the aforesaid sale of real estate to plaintiffs, was obtained and created pursuant to said suit, and more than four months prior to the filing of the alleged petition in bankruptcy;" and it is argued that this amounted to a special assertion of an immunity under the bankruptcy act. But immunity from what? Nothing more, at the best, than immunity from the discharge in bankruptcy;

not from the exemptions authorized by the state statute. And so Fullerton, J., speaking for the state Supreme Court, said: "Lastly, it is said that the order of the court setting apart the property as exempt does not purport to, nor does it in law, affect existing liens upon the property set apart as exempt, and, unless the liens thereon be such as the law avoids of its own force, such liens may be enforced in the state court against and to the extent of the property affected by the lien, notwithstanding the order setting it apart as exempt, and the discharge of the debt in bankruptcy. In cases of liens which can exist independent of the question whether or not the property is exempt, undoubtedly the rule here invoked would be applicable; but the lien of a general judgment is not such a lien. It is a lien upon real property, only, which is not exempt. Hence if this property was exempt at the time of the filing of the petition in bankruptcy, the judgment under which it was sold was not a lien thereon, and to assume that the judgment was a lien is to assume that it was not exempt,—the very question at issue."

We are not able to perceive that the state Supreme Court denied in any way a right of plaintiffs in error specially set up or claimed under the Constitution or laws of the United States. All that was determined, and all that the state court was called on to determine, was the question of exemption under the state statutes. Its acceptance of the judgment of the Federal court in that regard does not bring the case within section 709.

*Writ of error dismissed.*