## CLARK v. NIRENBAUM et al. BANK OF LUMPKIN v. TRAMMELL. ANDERSON v. POWELL.

(Circuit Court of Appeals, Fifth Circuit. October 27, 1925.)

Nos. 4557, 4568, 4534.

**1. Exemptions ☜1—"Exemption" defined.**

An "exemption" is the freedom of property of debtors from liability to seizure and sale under legal process for the payment of their debts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Exemption (from Execution).]

**2. Bankruptcy ☜396(1)—Property exempt under state laws is also exempt under Bankruptcy Act.**

Property exempt under state laws is also exempt under Bankruptcy Act, in view of section 6 (Comp. St. § 9590).

**3. Bankruptcy ☜395(2)—Title to exempt property does not vest in trustee.**

Title to exempt property does not vest in trustee, but remains in bankrupt, though custody on possession may pass to trustee for purposes of identification and to enable determination of claims.

**4. Bankruptcy ☜400(2)—That bankrupts, as residents of Georgia, did not set apart exemptions in manner provided by Georgia law, held not to preclude allowance of exemptions in bankruptcy proceedings.**

That bankrupts, as residents of Georgia, did not set apart exemptions in the manner provided by either Const. Ga. art. 9, § 1, or Civ. Code Ga. §§ 3416, 3378, et seq., *held* not to preclude allowance of exemptions under such law in bankruptcy proceedings.

Petitions to Superintend and Revise from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley and William H. Barrett, Judges.

In the matter of the estate of Sol. Levin and others, trading as the Miller Shoe Store. Joseph M. Clark, Jr., trustee, and others, petition to revise an order (5 F.[2d] 326) granting exemptions to Ike Nirenbaum and J. H. Weinberg, two of the bankrupt partners. Order affirmed.

In the matter of John Perry Trammell, bankrupt. The Bank of Lumpkin, a creditor, petitions to revise an order (5 F.[2d] 326) allowing exemptions. Order affirmed.

In the matter of U. R. Anderson, bankrupt. Petition in forma pauperis by the bankrupt to revise an order disallowing exemptions, opposed by Grayson C. Powell, trustee. Order reversed, with directions to allow exemptions.

In Case No. 4557:

Walter C. Hendrix, William F. Buchanan, and Alfred C. Broom, all of Atlanta, Ga., for petitioner.

Clarence H. Calhoun, of Atlanta, Ga., for respondents.

In Case No. 4568:

R. S. Wimberly, of Lumpkin, Ga., and Max F. Goldstein, of Atlanta, Ga., for petitioner.

H. A. Wilkinson, of Dawson, Ga., for respondent.

In Case No. 4534:

H. P. Cobb, of Savannah, Ga., for petitioner.

Gordon Saussy, of Savannah, Ga., and I. W. Rountree, of Swainsboro, Ga., for respondent.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. These three cases may be disposed of in one opinion, as the only question involved is the same in each. An involuntary petition was filed in No. 4557. The other two petitions were voluntary. In none of them had the bankrupt, at the time of filing the petition or at the time of adjudication, made application under the laws of the state of Georgia for the setting apart of exempt property, but in each case the bankrupt applied in the bankruptcy proceedings to have allowed the

exemption prescribed by the Constitution and laws of Georgia. In No. 4534 the District Judge of the Southern District held that the bankrupt's failure to have his exemption set apart in the manner prescribed by the state law precluded his right thereto, and disallowed the exemption; whereas in Nos. 4557 and 4568 the District Judge of the Northern District held that such failure to proceed under the state law did not prevent a court of bankruptcy from setting apart the exemptions, and allowed them.

[1] An exemption is the freedom of property of debtors from liability to seizure and sale under legal process for the payment of their debts. 25 C. J. 8. Section 1 of article 9 of the Constitution of Georgia provides: "There shall be exempt from levy and sale, by virtue of any process whatever under the laws of this state, except as hereinafter excepted, of the property of every head of a family, * * * realty or personalty, or both, to the value in the aggregate of sixteen hundred dollars." A statutory exemption of specific property was in effect at the time of the adoption of the Constitution, and still is. Civil Code of Georgia, § 3416. An exemption may be allowed under either the Constitution or the statute, but not under both.

[2-4] An exemption may be set apart by petition to the ordinary in the county where the claimant resides. Section 3378 et seq. But the petition is in time if made before sale though after levy. Kilgore v. Beck, 40 Ga. 293; Blivins v. Johnson, 40 Ga. 297; Moore v. Frost, 63 Ga. 296. The allowance to bankrupts of their exemptions by bankruptcy courts is recognized as equivalent to setting apart of exemptions in proceedings in state tribunals. Bush v. Lester, 55 Ga. 579; Pincus v. Meinhard, 139 Ga. 365, 77 S. E. 82. Section 6 of the Bankruptcy Act (Comp. St. § 9590) provides: "This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws," etc. If, therefore, property is exempt under the state laws, it is also exempt under the Bankruptcy Act. Smalley v. Laugenour, 196 U. S. 93, 25 S. Ct. 216, 49 L. Ed. 400. Title to exempt property does not vest in the trustee, but remains in the bankrupt (Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061), though custody or possession may pass to the trustee for purposes of identification, and to enable the bankrupt court to determine claims to exemptions (Chicago, etc., R. R. Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306).

In re Bass, Fed. Cas. No. 1,091, arose under the Bankruptcy Act of 1867 (14 Stat. 517). In that case Justice Bradley, while on circuit, held that it did not make any difference that the exemption was not ascertained or set apart until after the proceedings in bankruptcy were begun. This rule was approved by the Supreme Court when considering a Georgia bankrupt's claim to exemption in Lockwood v. Exchange Bank, supra. It would seem to follow, from both the Georgia and federal decisions, that the bankrupts in the cases at bar were entitled to claim their exemptions.

It is insisted, however, that the recent case of White v. Stump, 266 U. S. 310, 45 S. Ct. 103, 69 L. Ed. 301, is authority for the opposite view. But in that case the Supreme Court was only giving effect to the homestead exemption prescribed by the laws of Idaho, as construed by the state court of last resort. In that state a homestead does not come into existence until a declaration that the land is occupied and claimed as a homestead is made and filed for record. "Up to that time," says the court, "the land is subject to execution and attachment like other land; and where a levy is effected while the land is in that condition the subsequent making and filing of a declaration neither avoids the levy nor prevents a sale under it." But in Georgia the statutory procedure, though begun after levy, prevents a sale, thus showing that the right of redemption exists before levy and is not lost because of it.

The petitions in Nos. 4557 and 4568 are denied.

The petition to superintend and revise in No. 4534 is granted, with directions to allow the exemption claimed by the bankrupt.