Argued February 8, reversed April 10, 1968

BOYD ET UX, *Respondents, v.* ORE, *Appellant.*
439 P. 2d 862

*A. W. Metzger,* Portland, argued the cause and filed briefs for appellant.

*Donald L. Alderton,* Portland, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

Defendant appeals from an order permitting plaintiffs to levy execution on defendant's homestead property. The levy was an attempt to enforce an alleged judgment lien. The judgment debt had previously been discharged in bankruptcy. The entire record consists of the trial court file, no evidence was taken.

That record indicates that plaintiffs obtained a judgment against defendant on February 27, 1959. On April 30, 1959, an attachment execution was levied on the subject property and it was sold. After the sheriff's return of sale was filed, defendant filed a motion to set aside the sale because the property sold was her homestead. She also filed a claim of homestead exemption. Plaintiffs filed a motion for confirmation of the sale. Other pleadings disclose that

on August 2, 1960, defendant was adjudged a bankrupt on her petition filed the same day. The schedule of creditors included the judgment debt now in issue. In the bankruptcy proceedings the homestead was set aside to her as exempt. On November 16, 1961, she was discharged from her debts, including plaintiffs' judgment.

The cause was then dormant until November 18, 1966, when plaintiffs caused an execution to levy on the same homestead property. Defendant filed a motion to quash the execution and, at the same time, complied with the requirements of ORS 18.420 to have the judgment discharged by reason of the discharge in bankruptcy. The issue of plaintiffs' right to levy on defendant's homestead, following the discharge of the personal obligation of the judgment debt, was then submitted to the trial court by written memorandum. On this record the trial court decided: "The Court is of the opinion that in February, 1959, defendant had an interest in the property in question other than her homestead interest to which plaintiffs' judgment did attach. Having validly attached this judgment lien although inferior to other lien interests was not affected by the bankruptcy in August of 1960." The court then denied defendant's motion to quash the execution. This is the order defendant appeals from.

What the court meant by the finding that at the date of judgment, defendant had some interest in the property other than her homestead was not explained by the court nor is there, of course, any evidence which would sustain such a finding or explain why it would be so. But whatever unexpressed reason the trial court may have had, we have concluded that the order cannot be approved.

Since *Lockwood v. Exchange Bank,* 1903, 190

US 294, 23 S Ct 751, 47 L ed 1061, the accepted rule has been that a discharge in bankruptcy of the personal debt does not extinguish any lien that may have existed prior to the date of the filing of the petition in bankruptcy. The date of the petition is the crucial date. *Smally v. Laugernour,* 1905, 196 US 93, 25 S Ct 216, 49 L ed 400, 13 ALR 692. It is also true that since the *Lockwood* decision the states have been able to enforce their own laws, particularly as they involve exempt property, in respect to the enforcement of liens after bankruptcy. This license is subject to the limitation that such rules may not frustrate the purposes and policies of the Bankruptcy Act. *Local Loan Co. v. Hunt,* 1934, 292 US 234, 54 S Ct 695, 78 L ed 1230, 93 ALR 195; see also the descriptive opinion in *In re Forbes* (CCA 9th, 1911) 186 F 79.

But the application of the *Lockwood* rule by the state courts has not been uniform and certainly has not been decisive. See, generally, 1 Collier, Bankruptcy (14th ed, 1967) § 6.05. The conflict between *Willamette C. & C. Ser. v. Henry,* 1932, 138 Or 460, 7 P2d 261, and *Bush v. Shepherd, Adm'r.,* 1949, 186 Or 105, 205 P2d 842, in respect to the effect of a judgment lien on a homestead after bankruptcy is somewhat typical of the confusion in the state court decisions in applying homestead exemption laws.[1] It is not difficult to conclude, therefore, that this mixture of the bankruptcy law and the law of homestead exemption has, thus far, provided no answer to the issue presented by the instant case. We state that issue to be: In Oregon, does the bankruptcy discharge of the

[1] Fleischhauer v. Bilstad et al, Gray et ux, 1963, 233 Or 578, 379 P2d 880, settled part of the confusion resulting from the decisions in Bush v. Shepherd, Adm'r., *supra.* The *Bilstad* case did conclusively hold that a judgment lien does not attach to the homestead interest of the judgment debtor.

personal judgment debt also act to discharge any subsequent claim of a judgment lien on homestead property, when the existence and validity of the inchoate lien has not been determined or adjudicated prior to the discharge in bankruptcy? As related to the facts here the issue may also be stated as: Does the bankruptcy discharge of the personal debt bar plaintiffs from now reviving an inchoate, previously undetermined lien, on after-acquired value accruing to the homestead property?

We think that the bankruptcy discharge does act to bar this claim of judgment lien on the homestead. For the reasons which follow we hold that, in respect to the Oregon homestead exemption statutes, the determination of exemption by the bankruptcy court is *res judicata* with reference to existence of lienable value above the exempt homestead as of the date of the petition in bankruptcy.

The decision of the bankruptcy court which set aside the homestead, in total, as exempt was, of necessity, a determination that at the date of defendant's petition, defendant had no interest in the homestead property in excess of the statutory homestead value. This is so because the rule is clear that the excess value, if any had been found to exist, would have been available to the creditors and would have been administered by the bankruptcy court. The Oregon exemption statute is one limited to the money value of the exemption fixed by the statute. It is the value which is exempt, not the property in and of itself. *Fleischhauer v. Bilstad et al, Gray et ux, supra; Clawson v. Anderson,* 1967, 248 Or 347, 434 P2d at 462.

The accepted rule on availability to the creditors of the excess in the value of a homestead was stated

by Judge Wolverton, when sitting as a circuit judge, in *Bank of Nez Perce v. Pindell* (CCA 9th, 1912) 193 F 917. At 1 Collier, *supra,* § 6.20 at pp 903, 904, a portion of the opinion by Judge Wolverton is cited and quoted as expressing the "rationale" of the rule just stated. That quotation follows:

"It results from this jurisdiction and authority conferred upon the bankruptcy courts that, where exempt property is not readily divisible from the mass of the estate without the necessary inquiry to determine the fact of segregation and the specific property which is really exempt, the court has authority over the property for the time being at least, wheresoever the title may rest, and it possesses the power to regulate the time and manner in which the exemption shall be claimed and set apart to the ultimate use and benefit of the bankrupt. * * *."

The facts and decision in the *Bank of Nez Perce* case demonstrate its relevance to our decision in this case. The case involved a bankrupt who resided in Idaho. Idaho, at the time, had a statutory exemption similar to our own with a limited value of $5,000. The Idaho statutes also provided, like our own, ORS 23.270, for the enforcement of a judgment execution on homestead property by the appointment of appraisers to determine the value of the homestead and to permit levy on the value in excess of the homestead. This statutory process was being performed in the Idaho court when the bankruptcy proceedings were started. Judge Wolverton's opinion, at 193 F 922, stated that in that setting it was within the power and then became the duty of the bankruptcy court to determine the manner of setting aside the homestead of the bankrupt. In that instance the bankruptcy court appraised the property as having a value of $9,000. In others words,

an excess valuation over the homestead interest of $4,000.

The bankruptcy court then gave to the bankrupt the option of paying the $4,000 into the bankruptcy court for the benefit of the creditors or of having the property sold, the first $5,000 of the proceeds to be paid to the bankrupt for his homestead interest. The circuit court affirmed.

The importance of the decision, however, is the now accepted power of the bankruptcy court to deal decisively with homestead exemptions based on value. If the bankruptcy court, in the instant case, had found excess value, it would have been obliged to proceed as in the *Bank of Nez Perce* case.

Therefore, the decision of the bankruptcy court that the subject property was exempt and that defendant had no interest in the homestead in excess of the statutory limitation in value is conclusive and plaintiffs "* * * could not question its validity in the state courts, unless, indeed, it were absolutely void, which it is not and could not be pretended." *Smally v. Laugenour, supra,* 196 US 93, at 97.

*Smally v. Laugenour, supra,* was on writ of error from the Supreme Court of Washington. The Washington court at 30 Wash 307, 70 P 786, had held that a judgment of exemption setting aside a homestead by the bankruptcy court was *res judicata* upon the issue of exemption in the state court. It further held that if no lien had existed at the date of the petition in bankruptcy then no judgment lien could thereafter attach to the property by virtue of the discharged judgment; and that the judgment of exemption was also therefore, "* * * in its effect, a judgment that respondents' judgment was not a lien upon it."

We think this is a sound rule and one that provides

the most coherent, workable solution to the particular problem presented by the instant case. For, as stated by the Washington court, the judgment of either exemption or non-exemption must have equal finality. If this were not so then title to the property upon either determination would always remain subject to future collateral attack. As applied to our exemption statute, the judgment of the bankruptcy court was final.

■ It is argued, however, that the statute, ORS 18.350, which permits a judgment lien to attach to after-acquired property would apply to the alleged after-acquired value of defendant's homestead. It is apparent that this statute can only apply when the judgment continues to exist. *Ellis v. Fiske,* 1930, 60 ND 142, 232 NW 891, 71 ALR 501. The rule we have adopted precludes any application of this statute in the instant case.

The order of the trial court must be reversed with directions to enter an order quashing the levy of execution.