Argued June 6, affirmed September 8, petition for
rehearing denied October 5, 1972

# MENDENHALL ET UX, *Appellants, v.* NORTH-WEST CREDIT ADJUSTERS, INC., *Respondent.*

500 P2d 702

*Donald S. Kelley* and *William C. Wolke,* Roseburg, argued the cause for appellants.

*Edward M. Murphy,* Roseburg, argued the cause

for respondent.

BRYSON, J.

This is a suit to quiet title to real property situated in Douglas County, Oregon.

Defendant obtained judgment against plaintiffs for $4,048.14 with interest and costs. The judgment was docketed in Douglas County on June 29, 1967. On September 27, 1967, Mr. Mendenhall filed a petition in bankruptcy. He was adjudicated bankrupt and discharged on May 15, 1968. Mrs. Mendenhall, his wife, also filed a petition in bankruptcy and was discharged on October 21, 1969. Each of the plaintiffs scheduled and designated the real property involved herein as their homestead and claimed the property to be exempt in the estimated value of $6,000, pursuant to ORS 23.240. Each plaintiff also scheduled the defendant's judgment and the defendant received notice of the bankruptcy proceeding. In each bankruptcy proceeding the referee in bankruptcy entered the following order:

### "ORDER APPROVING TRUSTEE'S REPORT OF EXEMPTIONS

"At Eugene, in said district, on the 13th day of May, 1968.

"It appearing to the Court that the trustee herein has more than ten (10) days prior to the entry of this order filed his report of exempted property in accordance with law, and no objection having been taken thereto,

"It is ordered that the said trustee's report of exempted property be and the same hereby is, in

all things confirmed, and the bankrupt's claim to exemptions is hereby allowed accordingly.

"It is further ordered that the property specified in such report be and the same is hereby set apart to the bankrupt as exempt and ordered delivered to said bankrupt forthwith.

/s/ C. E. Luckey
Referee in Bankruptcy."

The trial court entered the following Findings of Fact and Decree:

"The above entitled matter coming on for trial before the Court as a suit in equity, and the Court having heard the testimony of the witnesses and the argument of counsel finds that at all times mentioned in the complaint the real property described in the complaint had a market value in excess of $7,500.00 and that the lien of Defendant's judgment attached to the excess value of said property over the Homestead Exemption and that said judgment lien remains in full force and effect notwithstanding the subsequent bankruptcies of the Plaintiffs and remains in full force and effect on said excess value and that the equities are with the Defendant, and that said suit should be dismissed."

The plaintiffs appeal, contending "[t]he Court erred in not granting a decree quieting title in plaintiffs free and clear of the judgment lien of defendant." Plaintiffs rely on *Boyd v. Ore,* 249 Or 513, 439 P2d 862 (1968). *Boyd* is a similar case on the facts. The plaintiff was a judgment creditor and levied execution on the defendant's home. The defendant had previously been adjudicated and discharged in bankruptcy. In the bankruptcy proceeding, defendant's home property was set apart to her as exempt. Plaintiff's judgment was scheduled as a creditor. We held:

"The decision of the bankruptcy court which set

aside the homestead, in total, as exempt was, of necessity, a determination that at the date of defendant's petition, defendant had no interest in the homestead property in excess of the statutory homestead value. This is so because the rule is clear that the excess value, if any had been found to exist, would have been available to the creditors and would have been administered by the bankruptcy court * * *." 249 Or at 517.

In so holding in *Boyd,* we relied upon *Bank of Nez Perce v. Pindel,* 193 F 917 (9th Cir 1912), but that case does not support our holding. In *Bank of Nez Perce* (Idaho) the home and farm was claimed exempt pursuant to the Idaho homestead statute ($5,000 exemption) and was valued by the court, after appraisal, at $9,000. The land and farm claimed exempt under the Idaho homestead statute could not be segregated or divided. The District Court of the United States for the District of Idaho ordered that

" '* * * the bankrupt shall pay or cause to be paid to the trustee in bankruptcy herein, for the benefit of the creditors of the estate, the sum of $4,000, said entire tract be set apart as the homestead of the bankrupt, and that the same be free and exempt from all further claims of the trustee in bankruptcy. If the bankrupt fails to make the payment of said amount within the time specified, the trustee is authorized to take the necessary steps, and to sell, in the manner provided by law, and under the direction of the referee in bankruptcy, the entire tract, for not less, however, than the sum of $5,000, and that, out of the proceeds of such sale, the trustee pay over to the bankrupt and to his wife, Sarah E. Pindel, the sum of $5,000 and account for the balance, if any, of such proceeds as a part of the assets of the estate, to be distributed in due course of administration.' " 193 F 917 at 920.

The Circuit Court of Appeals, Ninth Circuit, affirmed.

In this particular case it was necessary for the referee in bankruptcy to take jurisdiction over the home property of petitioners and sell the same because the property could not be segregated or divided and it had a value in excess of the $5,000 to be set apart to the petitioners in bankruptcy under the Idaho homestead statute and there were secured creditors and general creditors with an interest in the value of the property in excess of the homestead exemption.

It is true, as stated in *Boyd,* that state courts have not been uniform and have certainly not been decisive. However, this is because of the differing state statutory provisions pertaining to the bankrupt's homestead exemption laws in the respective states. The law pertaining to the jurisdiction of the respective state courts and the court of bankruptcy still remains explicit.

The plaintiffs also rely upon *Smalley v. Laugenour,* 196 US 93, 25 S Ct 216, 49 L Ed 400 (1904), but the case is not in point because the Washington homestead exemption statute in force at the time of that decision, Ballinger's Code, § 5214 *et seq,* provided that the claiming and setting aside of a homestead exempted it from the liens of general judgments and from execution or forced sale thereunder. It was also stated in *Smalley v. Laugenour, supra* at 97:

> "The rights of a bankrupt to property as exempt are those given him by the state statutes, and if such exempt property is not subject to levy and sale under those statutes, then it cannot be made to respond under the act of Congress."

As stated in 1 Collier on Bankruptcy, ¶ 6.05 at 809-13 (14th ed 1967):

> "Shortly after the passage of the Act of 1898,

it was thought in some districts that the bankruptcy court had power to pass on the validity of and enforce liens on exempt property. The Supreme Court, however, in *Lockwood v. Exchange Bank*,[⊙] clearly negatived this view. The rule is now well settled that the bankruptcy court has no jurisdiction to enforce a lien or claim upon exempt property and that such matters must be litigated, usually in the state courts. * * * A court of bankruptcy, therefore, has no jurisdiction to entertain a plenary suit by a creditor of the bankrupt to reach and subject such exempt property to his claim. Similarly, there is no jurisdiction in the bankruptcy court to determine adverse claims to exempt property. The usual procedure is to withhold discharge upon application until such claims can be litigated in the proper tribunal, for if this is not done and the creditor's lien not perfected, the bankrupt's discharge will leave the creditor without recourse against the exempt property * * *." (Notes and case citations omitted.)

In 3 Remington on Bankruptcy, 198-99, § 1297 (1957) (with 1965 Supplement), it is stated:

"* * * The bankruptcy court should not order sale of an exempt homestead free and clear of liens where the liens are valid and exceed the value of the property, since by so doing the court is in effect foreclosing the liens for the benefit of the lienholders without any advantage whatsoever to the general creditors. But if there is a reasonable prospect that such a sale will bring in more than the amount secured, the court can properly order it, turning over to the bankrupt out of the proceeds any balance over the amount due the encumbrancers or lienholders up to the value of the homestead right under applicable law. Clearly, a court of bankruptcy is without power to award the

---

⊙ Lockwood v. Exchange Bank, 190 US 294, 23 S Ct 751, 47 L Ed 1061 (1903).

bankrupt his homestead free from valid liens against it * * *." (Notes and case citations omitted.)

In the present case, the defendant's claim against the plaintiffs had been litigated and was reduced to judgment and docketed in the county where the real property was situated prior to the plaintiffs' discharges in bankruptcy.

ORS 18.350 provides:

"(1) From the time of docketing an original * * * judgment * * * such judgment shall be a lien upon all the real property of the defendant within the county or counties where the same is docketed, or which he may afterwards acquire therein * * *.

"* * * * *."

In *Clawson v. Anderson,* 248 Or 347, 350, 434 P2d 462 (1967), we held:

"* * * [T]he judgment lien does not attach 'to that part of the homestead claimed which falls within the statute as to quantity and value,' but that it does attach to any quantity of land or value in excess of the homestead exemption. *Finerty v. First National Bank,* 92 Okla 102, 106, 218 P 859, 863, 32 ALR 1326, 1332 (1923)."

■ The trial court found that "the real property described in the complaint had a market value in excess of $7,500.00 and that the lien of Defendant's judgment attached to the excess value of said property over the Homestead Exemption * * *." For the above reasons, we reach the same conclusion.

■ Under the facts of this case, the order of the referee in bankruptcy setting apart to each bankrupt their homestead as exempt is not *res judicata* with

reference to the existence of lienable value above the exempt homestead as defined by Oregon statute, ORS 23.240. The case of *Boyd v. Ore, supra,* is overruled wherein it conflicts herewith.

Affirmed.