PIMENTEL et al,
*Appellants,*

*v.*

WHITE et al,
*Respondents.*

(82-1729C; CA A35310)

720 P2d 758

Samuel I. Hochberg, Portland, argued the cause for appellants. With him on the brief were Neil W. Jackson and Jackson & Vause, P.C., Portland.

Curtis D. Kinsley, Portland, argued the cause for respondents. With him on the brief was Lyle W. Banton & Associates, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiffs appeal from a trial court's final order discharging from the record their judgment against defendants, who had filed a motion pursuant to ORS 18.420(1)[1] after they had been discharged in bankruptcy from the debt represented by the judgment. Because we conclude that that statute is inapplicable to a judgment lien against the debtor's homestead, we reverse and remand for further proceedings under ORS 23.280,[2] if defendants wish to proceed.

---

[1] ORS 18.420(1) provides:

"Any person discharged from debts pursuant to the federal bankruptcy laws may file in any court or tribunal in which a judgment has at any time been rendered or a transcript thereof filed against the person, either before or after such discharge, a motion in the suit, action or proceeding for the discharge of the judgment from the record. If it appears to the court that the person has been discharged from the payment of the judgment or the claim upon which the judgment was based, the court shall order that the judgment be discharged and satisfied of record, and thereupon the clerk of the court shall enter a satisfaction thereof; however, no such order shall be granted except upon such notice to the parties interested as the court or judge thereof may by order prescribe."

[2] ORS 23.280 provides:

"(1) At any time after the date of execution of an agreement to transfer the ownership of property in which a homestead exemption exists pursuant to ORS 23.240, the homestead owner or the owner's transferee may give notice of intent to effect discharge from the judgment lien to any owner of the judgment docketed against the homestead owner in the county in which the property is situated. Each notice shall be styled as a paper in the action in which the judgment was recovered and shall:

"(a) Identify the property and the judgment and state that the judgment debtor is about to transfer, or has transferred, the property and that the transfer is intended to discharge the property from any lien lawfully arising out of the judgment;

"(b) State the fair market value of the property on the date of the notice or of any applicable petition in bankruptcy, whichever is applicable, and list the encumbrances against the property, including the nature and date of each encumbrance, the name of the encumbrancer and the amount presently secured by each encumbrance;

"(c) State that the property is claimed by the person giving the notice to be wholly exempt from the lien of the judgment or, if the value of the property exceeds the sum of the encumbrances specified as required under paragraph (b) of this subsection that are senior to the judgment lien and $15,000 or $20,000, whichever amount of the homestead exemption is applicable under ORS 23.240(1), that the amount of the excess or the amount due on the judgment, whichever is less, will be deposited with the clerk of the court in which the judgment is docketed for the use of the judgment holder; and

"(d) Advise the holder of the judgment that the property may be discharged from any lien arising from the judgment, without further notice to the holder of the judgment, unless prior to a specified date, which in no case may be earlier than

On May 27, 1983, plaintiffs obtained a judgment against defendants for $6,950, plus interest, attorney fees and costs. The judgment was docketed five days later in the county in which defendants' home was located, effecting a lien on that property. ORS 18.350(1).[3] On October 12, 1983, defendants filed a voluntary petition in bankruptcy and listed the property, for which they claimed a homestead exemption of $20,000, ORS 23.240(1), as an asset, valued at $79,500, and encumbered by a mortgage and a land sale contract securing debts in the aggregate sum of $54,346.06.[4] Plaintiffs' judgment was listed as an unsecured debt; they received notice of the bankruptcy and attended a meeting of creditors but did not object to any of the values listed in the petition. On November 25, 1983, the residence was declared an exempt asset and, on January 31, 1984, plaintiffs' judgment debt was discharged in bankruptcy. On April 27, 1984, defendants sold the house for $84,000. The motion that precipitated this appeal was filed after the title report prepared incident to that sale disclosed plaintiffs' judgment lien. Believing that the lien had been discharged in bankruptcy, defendants filed a motion under ORS 18.420(1) to discharge and satisfy the judgment of record in order to clear their title.

Plaintiffs contend that the lien was not discharged in bankruptcy and that, therefore, defendants' remedy is under ORS 23.280, under which plaintiffs are entitled to the sale proceeds in excess of defendants' homestead exemption to the extent of their leviable interest in the property. Defendants do

---

14 days after the date of mailing of the notice, the judgment holder files objections and a request for a hearing on the matter as provided in ORS 23.290.

"(2) Each notice described by subsection (1) of this section shall be sent by certified mail to the present holder of the judgment, as shown by the judgment lien docket, at the holder's present or last-known address according to the best knowledge of the person sending the notice. A copy of each notice, together with proof of mailing, may be filed with the clerk of the court with whom the judgment is docketed and shall be filed by the clerk with the records and files of the action in which the judgment was recovered."

[3] ORS 18.350(1) provides:

"From the time of docketing an original or renewed judgment or the transcript thereof, as provided in ORS 18.320, such judgment shall be a lien upon all the real property of the judgment debtor within the county or counties where the same is docketed, or which the judgment debtor may afterwards acquire therein, during the time prescribed in ORS 18.360."

[4] Defendants now concede that the encumbrances were inadvertently overvalued.

not contend that ORS 23.280 is inapplicable; they contend that, because plaintiffs' debt was discharged in bankruptcy, ORS 18.420 affords them an alternative remedy.

■ ■ To hold, as defendants would have us do, that a debtor who has been discharged in bankruptcy has the option of proceeding under ORS 18.420 or 23.280 with respect to a homestead that has survived the bankruptcy would destroy the purpose of ORS 23.280. It is true that ORS 18.420 does not state that its provisions do not apply to pre-bankruptcy judgment liens on homesteads. However, even before the enactment of ORS 23.280 in 1975, it was clear that a judgment lien against a homestead survived the discharge of the debt in bankruptcy. *Everett v. Pape' Bros., Inc.,* 269 Or 575, 525 P2d 996 (1974); *Shepard & Morse Lbr. Co. v. Clawson,* 259 Or 154, 486 P2d 542 (1971). That was so, because discharge in bankruptcy relieves the debtor of his personal liability for the judgment debt, but does not destroy the lien against the bankrupt's property.[5] *Everett v. Pape' Bros., Inc, supra.*

■ In the normal course, as a practical matter, the only interest in real property that survives bankruptcy is the declared homestead of the debtor. Accordingly, if there is no homestead against which the judgment was a lien before bankruptcy, the debtor's discharge has the effect of rendering a pre-bankruptcy judgment a lien against nothing. We believe that the function of ORS 18.420 is to permit a discharged debtor to clear such judgments from the records in order to avoid their clouding his title to real property acquired after his discharge. It is not intended to apply to homesteads.

---

[5] In *Mendenhall v. Northwest Credit Adj.,* 263 Or 104, 109, 500 P2d 702 (1972), the court quoted with approval 3 *Remington on Bankruptcy* § 1297 (1957 ed, 1965 Supp):

" '* * * The Bankruptcy court should not order sale of an exempt homestead free and clear of liens where the liens are valid and exceed the value of the property, since by so doing the court is in effect foreclosing the liens for the benefit of the lienholders without any advantage whatsoever to the general creditors. But if there is a reasonable prospect that such a sale will bring in more than the amount secured, the court can properly order it, turning over to the bankrupt out of the proceeds any balance over the amount due the encumbrancers or lienholders up to the value of the homestead right under applicable law. Clearly, a court of bankruptcy is without power to award the bankrupt his homestead free from valid liens against it * * *.' "

*See Lockwood v. Exchange Bank,* 190 US 294, 23 S Ct 751, 47 L Ed 1061 (1903).

As we explained in *State ex rel Nilsen v. Jones,* 33 Or App 581, 585-86, 577 P2d 541 (1978):

"Prior to the 1975 amendments to the homestead laws, plaintiff's judgment was a lien against defendants' real property, ORS 18.350(1), even though their equity therein did not exceed the homestead exemption—the lien remained in limbo and attached to any value of the property in excess of the exemption at the time of levy of execution, even though the property was then owned by a purchaser of the debtor or the debtor had been previously discharged in bankruptcy. However, the excess could not be reached until there was a judicial determination that there was an excess, and there was no statutory procedure to make such a determination except as an incident to the creditor's voluntary levy of execution. ORS 23.270. The creditor could bide his time in hopes that the value of the property and the 'leviable interest' would increase.

"In 1975, the legislature addressed these problems by enacting ORS 23.280-23.300, under which these proceedings were initiated, and by adding subsection (4) to ORS 23.240. ORS 23.280 permits the *debtor* or his transferee to have a judicial determination of the leviable interest in the homestead at any time after signing an agreement to transfer the property, and provides for determining the value of the property at the time the proceedings are initiated. ORS 23.280(1)(b). The procedure might be characterized as an 'inverse execution' in that the creditor is forced to assert and enforce his judgment lien, or lose it with respect to that homestead property of the debtor. It has the salutary effect of permitting the transferee to take the property free of the judgment lien." (Emphasis in original; footnotes omitted.)[6]

Although defendants have not invoked the ORS 23.280 procedure, they may do so on remand. If defendants do not proceed under that statute, plaintiffs may, in a separate proceeding under ORS 23.445, levy execution on the leviable interest in the property determined under ORS 23.240.

The order discharging and satisfying plaintiffs' judgment is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

[6] Both ORS 23.240 and 23.280 were amended after our decision in *State ex rel Nilsen v. Jones, supra,* to change the time at which the leviable interest is determined. Or Laws 1981, ch 903, §§ 4a and 8a.