# NORTH COAST ELECTRIC COMPANY,
## *Respondent,*

### *v.*

# KENNEY'S PLUMBING & REPAIR
## SERVICE, INC., et al,
### *Appellants.*

## (81-1950; CA A44636)

750 P2d 1201

Julie A. Stevens, North Bend, argued the cause and filed the brief for appellants.

Michael C. Arola, Eugene, argued the cause for respondent. On the brief were Arthur J. Clark, Paul J. Garrick, and Hershner, Hunter, Moulton, Andrews & Neill, Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant Ernest appeals a trial court order under ORS 23.280 *et seq* that denied a discharge of his homestead from the lien of plaintiff's judgment. We affirm.

In 1982, plaintiff obtained a judgment against defendant for $2,710.75, plus interest, which became a lien on defendant's real property. ORS 18.350(1). In 1984, defendant and his wife filed a bankruptcy petition under chapter 7 and were later discharged. They listed plaintiff on the bankruptcy schedules as a creditor, and it received notice of the bankruptcy proceedings. They listed their house among their assets, assigning it a value of $38,950.[1] They claimed their $20,000 homestead exemption, ORS 23.240, and there was a prior mortgage lien of $21,873.42, in addition to the lien of plaintiff's judgment. The bankruptcy trustee concluded that there were no assets in the estate for unsecured creditors and did not order the sale of the house. Plaintiff did not seek information about the details of the bankruptcy, nor did it challenge the value given the home.

Defendant and his wife later entered into an agreement to sell their house. They filed a notice of intent to discharge the lien of the judgment under ORS 23.280(1). Plaintiff objected and had the house appraised. The appraiser stated that, when defendant and his wife filed the bankruptcy petition, the house had a fair market value of $46,500. After a trial on stipulated facts, the court denied the discharge.

■ Although a discharge in bankruptcy discharges a debtor's personal liability, it does not affect a judgment lien to the extent that the property, at the time of filing the bankruptcy petition, is worth more than the total of the homestead exemption and any prior valid liens. *See Pimentel v. White,* 79 Or App 620, 720 P2d 758 (1986). ORS 23.280 establishes a procedure to determine whether a judgment lien survives a bankruptcy discharge. Defendant contends that the court must accept a debtor's statement of property's value when that value has not been challenged in the bankruptcy proceeding. Defendant argues that, in this case, the bankruptcy court determined that the value of the property was $38,950, which

---

[1] This value was based on the assessed value for *ad valorem* taxes.

is less than the amount of the homestead exemption plus the first mortgage lien. Therefore, he asserts, the trial court erred when it refused to discharge plaintiff's lien. We conclude that there was no judicial determination in the bankruptcy proceeding of the value of the house, and so that proceeding had no effect on the trial court's determination of value.

■     Under the Bankruptcy Code, estate administration is in the hands of a trustee and the creditors, not of the bankruptcy judge. The judge is prohibited from attending the first meeting of creditors, 11 USC § 341(c), and, generally, the judge only participates to decide disputes which the parties raise. That role contrasts with the more active role of a bankruptcy referee (later called a bankruptcy judge) under the former Bankruptcy Act.[2]

■■     In this case, the trustee, who represents the estate and is a party to the bankruptcy proceeding, found that there was no surplus value in Ernest's home for the unsecured creditors.[3] That was not a *judicial* determination of anything. If defendant had wanted to void plaintiff's judgment lien in the bankruptcy proceeding, he could have initiated an adversary proceeding to do so. However, in the absence of that or some other attempt to get a judicial determination, the bankruptcy discharge did not prevent the state court from determining later that plaintiff's lien survived the bankruptcy. *See* 11 USC § 506(d).

Affirmed.

---

[2] Cases such as *Mendenhall v. Northwest Credit Adj.*, 263 Or 104, 500 P2d 702 (1972), and *Boyd v. Ore*, 249 Or 513, 439 P2d 862 (1968), which consider this issue under the Act, are of less significance because of this change.

[3] There would have been no value in defendant's home for *unsecured* creditors, even if plaintiff's present appraisal is correct. The homestead exemption, the first mortgage lien, plaintiff's judgment lien, and the cost of the sale would have totaled more than the appraised value. A sale of the house would not have resulted in a net balance to the estate.